Opinion
 

 HUFFMAN, J.
 

 After a jury rendered a verdict for compensatory and punitive damages in favor of plaintiffs and appellants Miguel Trujillo, Pablo Flores, and Juan Rendon (plaintiffs) in this employment discrimination action, the trial court granted the motion by their employer, defendants and respondents North County Transit District (NCTD), its development board, and its employee Gary Waer (plaintiffs’ supervisor) (collectively defendants) for judgment notwithstanding the verdict (JNOV). (Code Civ. Proc., § 629.) The motion was granted on the basis that the only finding of liability, for violation of Government Code
 
 [1]
 
 section 12940, subdivision (i) (failure of an employer to take all reasonable steps necessary to prevent employment discrimination and harassment from occurring) was not backed up by any related finding that these plaintiffs had actually suffered any such employment discrimination and/or harassment.
 

 
 *283
 
 Plaintiffs appeal, contending a violation of section 12940, subdivision (i) is an independent statutory tort which requires no “necessary foundational predicate” of underlying discrimination, harassment or retaliation, such as the trial court found missing, to allow for employer and/or supervisory employee liability. They contend the JNOV was thus improperly granted. We conclude, however, the trial court was correct in finding the special verdict inconsistent with and unsupported by statutory or case law. Accordingly, we affirm the JNOV for defendants.
 

 Factual and Procedural Background
 

 Plaintiffs, mechanics of Hispanic ancestry working for the NCTD, brought this action for employment discrimination, alleging a variety of name-calling, refusals to promote, and other discriminatory and retaliatory treatment. In particular, they accused their direct supervisor, Waer, of harassing and discriminatory conduct. The matter went to jury trial on a number of statutory and tort theories, including a cause of action for violation of FEHA due to racially discriminatory denials of promotions and raises, and a racially hostile work environment. (§ 12940 et seq.)
 

 After a 16-day jury trial, a verdict was returned on a special verdict form prepared by plaintiffs’ attorney (defendants’ form having been rejected), finding defendants had committed no discriminatory, racially harassing, or retaliatory conduct, nor had they inflicted severe emotional distress on plaintiffs, nor slandered plaintiff Rendon. However, the jury found defendants had violated section 12940, subdivision (i), by failing to take all reasonable steps necessary to prevent discrimination and harassment from occurring. It awarded noneconomic damages to each of the three plaintiffs ($6,000 each to Trujillo and Rendon, and $3,000 to Flores). In addition, punitive damages were awarded against defendant Waer in the amount of $750 each for plaintiffs Trujillo and Rendon. Judgment was entered accordingly.
 

 Defendants then brought their motion for JNOV on the grounds of error of law and insufficient evidence. They argued the finding of failure to take necessary steps to prevent discrimination and harassment was inconsistent with the factual findings that no discriminatory, racially harassing, or retaliatory conduct had taken place and there was no hostile work environment. Without such foundational findings, they argued, there was no logical or legal basis for the jury’s finding of a violation of section 12940, subdivision (i), nor any basis for any award of damages.
 

 In response, plaintiffs argued there could be an independent violation of section 12940, subdivision (i), apart from any other violation of section
 
 *284
 
 12940, and the verdict as a whole should be sustained, as the jury must have found at least a hostile work environment. However, the trial court granted the motion for JNOV, reasoning: “There’s no logic that says an employee who has not been discriminated against can sue an employer for not preventing discrimination that didn’t happen, for not having a policy to prevent discrimination when no discrimination occurred . . . The court found: “[T]he necessary foundational requirements of harassment or discrimination which are required to support a violation of Government Code section 12940[,] subdivision ([i]) and the noneconomic and punitive damages were absent from the jury’s verdict,” as the jury had expressly found they did not occur.
 

 After plaintiffs unsuccessfully moved for reconsideration of the order, they appealed the JNOV.
 

 Discussion
 

 I
 

 Standards of Review
 

 Ordinarily, when reviewing a JNOV, an appellate court will use the same standard the trial court uses in ruling on the motion, by determining whether it appears from the record, viewed most favorably to the party securing the verdict, that any substantial evidence supports the verdict. “ ‘ “If there is any substantial evidence, or reasonable inferences to be drawn therefrom in support of the verdict, the motion should be denied.” [Citations.]’ [Citation.]”
 
 (Wright
 
 v.
 
 City of Los Angeles
 
 (1990) 219 Cal.App.3d 318, 343 [268 Cal.Rptr. 309].) In general, “ ‘[t]he purpose of a motion for judgment notwithstanding the verdict is not to afford a review of the jury’s deliberation but to prevent a miscarriage of justice in those cases where the verdict rendered is without foundation.’ [Citation.]”
 
 (Sukoff v. Lemkin
 
 (1988) 202 Cal.App.3d 740, 743 [249 Cal.Rptr. 42].)
 

 Here, however, the issues presented deal solely with interpretation of a statute and application of statutory language to the undisputed facts. Review of such issues takes place de novo.
 
 (Los Angeles County Safety Police Assn.
 
 v.
 
 County of Los Angeles
 
 (1987) 192 Cal.App.3d 1378, 1384 [237 Cal.Rptr. 920].) We therefore have no occasion to treat this as an ordinary appeal from a JNOV; in any case, plaintiffs have not provided us with a full record to review the substantiality of the evidence in support of the verdict, nor have
 
 *285
 
 they challenged on appeal the factual findings adverse to them on the issues of a lack of actual discriminatory conduct or hostile work environment.
 
 [2]
 

 Under these circumstances, the proper approach is to review the verdict in light of these basic rules of statutory construction: “ ‘In construing a statute “we begin with the fundamental rule that a court ‘should ascertain the intent of the Legislature so as to effectuate the purpose of the law.’ ” [Citations.] “An equally basic rule of statutory construction is, however, that courts are bound to give effect to statutes according to the usual, ordinary import of the language employed in framing them.” [Citations.] Although a court may properly rely on extrinsic aids, it should first turn to the words of the statute to determine the intent of the Legislature. [Citations.] “If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history.” [Citations.]’ [Citation.]”
 
 (Page
 
 v.
 
 Superior Court
 
 (1995) 31 Cal.App.4th 1206, 1211 [37 Cal.Rptr.2d 529].)
 

 Our objective is to discover whether the verdict for compensatory and punitive damages, based on a finding of violation of section 12940, subdivision (i) (failure to take all reasonable steps necessary to prevent discrimination and harassment from occurring), can stand despite the jury’s accompanying findings that these defendants did not discriminate, racially harass, or retaliate against the plaintiffs, nor cause them severe emotional distress. A special verdict presents to the jury each ultimate fact in the case, so that “nothing shall remain to the Court but to draw from them conclusions of law.” (Code Civ. Proc., § 624.) This procedure presents certain problems: “ ‘The requirement that the jury must resolve every controverted issue is one of the recognized pitfalls of special verdicts. “[T]he possibility of a defective or incomplete special verdict, or possibly no verdict at all, is much greater than with a general verdict that is tested by special findings . . . .” [Citation.]’ [Citation.]”
 
 (Myers Building Industries, Ltd.
 
 v.
 
 Interface Technology, Inc.
 
 (1993) 13 Cal.App.4th 949, 960 [17 Cal.Rptr.2d 242].) With a special verdict, we do not imply findings on all issues in favor of the prevailing party, as with a general verdict.
 
 (Ibid.)
 
 The verdict’s correctness must be analyzed as a matter of law.
 

 
 *286
 
 II
 

 Scope of Statutory Protections
 

 Section 12920 sets forth the public policy underlying the employment provisions of FEHA: protection and safeguarding of the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, color, national origin, ancestry, and other enumerated characteristics; the purpose of FEHA is to provide, under the police power of the state, effective remedies which will eliminate such discriminatory practices. In particular, section 12940 provides in subdivision (a) that it is an unlawful employment practice, with certain exceptions, for an employer to refuse to hire, employ, or select a person for a training program, or to bar or to discharge the person from employment, or to discriminate against the person in compensation, terms, conditions or privileges of employment, because of the person’s race, color, national origin, ancestry, or other enumerated characteristics. Secion 12940, subdivision (i) then provides it is an unlawful employment practice: “(i) For an employer, labor organization, employment agency, apprenticeship training program, or any training program leading to employment,
 
 to fail to take all reasonable steps necessary to prevent discrimination and harassment from
 
 occurring.” (Italics added.)
 

 This section creates a tort that is made actionable by statute.
 
 (Bihun
 
 v.
 
 AT&T Information Systems, Inc.
 
 (1993) 13 Cal.App.4th 976, 1002 [16 Cal.Rptr.2d 787], disapproved in other part in
 
 Lakin
 
 v.
 
 Watkins Associated Industries
 
 (1993) 6 Cal.4th 644, 664 [25 Cal.Rptr.2d 109, 863 P.2d 179].) “ ‘[T]he word “tort” means a civil wrong, other than a breach of contract, for which the law will provide a remedy in the form of an action for damages.’ [Citation.] ‘It is well settled the Legislature possesses a broad authority ... to establish . . . tort causes of action.’ [Citation.] Examples of statutory torts are plentiful in California law. [Citations.]”
 
 (Bihun, supra,
 
 13 Cal.App.4th at p. 1002.) Section 12960 et seq. provides procedures for the prevention and elimination of unlawful employment practices. In particular, section 12965, subdivision (a) authorizes the Department of Fair Employment and Housing (DFEH) to bring an accusation of an unlawful employment practice if conciliation efforts are unsuccessful, and section 12965, subdivision (b) creates a private right of action for damages for a complainant whose complaint is not pursued by the DFEH. (See also § 12974, allowing a civil action by the DFEH.)
 

 With these rules in mind, we examine the section 12940 claim and finding with regard to whether the usual elements of a tort, enforceable by private plaintiffs, have been established: defendants’ legal duty of care
 
 *287
 
 toward plaintiffs, breach of duty (a negligent act or omission), legal causation, and damages to the plaintiff. (4 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 537, pp. 624-625.)
 

 A threshold issue is presented as to whether the statutory term “employer” in section 12940, subdivision (i) applies to the individual defendant Waer, as an agent of the employer, for purposes of determining liability under the statute. (See § 12926, subd. (d), defining employer as including a person acting as an agent of an employer.) Plaintiffs argue that Waer is included within the scope of section 12940, subdivision (i) and, for our purposes, we assume, without deciding, that he is so included. The only basis for the punitive damages award made specifically against him is the finding of liability as to “defendants” under that section, so we must assume the award is made as to all defendants; the parties have not argued otherwise.
 

 In determining the scope of this statute, we first consider its plain language to determine the intent of the Legislature.
 
 (Page
 
 v.
 
 Superior Court, supra,
 
 31 Cal.App.4th at p. 1211.) “ ‘ “If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history.” [Citations.]’ [Citation.]”
 
 (Ibid.)
 
 However, the plain language does not explain whether á violation of section 12940, subdivision (i) may give rise to a private right of action where there is no related factual finding of discrimination or harassment. Legislative history is not particularly informative, as the only change of significance to this subdivision as it went through the amendment process was to delete certain specific suggestions in the original bill about steps that employers could take to prevent discrimination and harassment from occurring (e.g., “affirmatively raising the subject, expressing strong disapproval of unlawful practices under this part, developing appropriate sanctions for violations of this part. . . .”). (Sen. Bill No. 2012 (1983-1984 Reg. Sess.) as amended Aug. 6, 1984, & Aug. 13, 1984.) Instead, only a general directive was given in the subdivision.
 
 [3]
 

 jn the absence of definitive legislative history, plaintiffs rely on both appellate case law and administrative decisions to support their arguments that the section 12940, subdivision (i) verdict is independently supportable and valid.
 
 [4]
 
 For example, they cite language in
 
 Monge
 
 v.
 
 Superior Court
 
 (1986) 176 Cal.App.3d 503, 509 [222 Cal.Rptr. 64] to the
 
 *288
 
 effect that the plaintiffs in that case had sufficiently alleged violations of section 12940, subdivision (i) (failure to correct harassment) against both a defendant corporation and defendant corporate officers. That case was before the Court of Appeal on a pleadings challenge brought by writ of mandate and is thus distinguishable here, where the jury has rendered a verdict. Similarly, their citation to
 
 Bihun
 
 v.
 
 AT&T Information Systems, Inc., supra,
 
 13 Cal.App.4th at page 987, footnote 1, merely cites to the statutory language and does not discuss any prerequisites for a finding of violation of section 12940, subdivision
 
 [5]
 

 Plaintiffs mainly rely on administrative decisions to support their claim that section 12940, subdivision (i) creates a stand-alone offense, which needs no supporting factual findings of actual discrimination or harassment. However, both of the cases cited,
 
 DFEH
 
 v.
 
 Guill
 
 (1989) FEHC Dec. No. 89-15, and
 
 DFEH
 
 v.
 
 Madera County
 
 (1990) FEHC Dec. No. 90-03, dealt with situations where significant harassment of an employee had been found to occur, and the employer’s failure to have preventative measures in place was an additional basis for the decision adverse to the employer. The administrative agency’s analysis in those two decisions focused on the failure to take preventative measures specifically with relation to the actual events that took place as to the complainants in those cases. These decisions do not constitute persuasive authority that a violation of section 12940, subdivision (i) requires no such background factual circumstances and findings.
 

 Because the available authority does not resolve this question of first impression, we go back to basics: the elements of a statutory and privately enforceable tort. Plaintiffs are asking us to rule that defendants owed them, specifically, a legal duty of care to take all reasonable steps necessary to prevent discrimination and harassment from occurring, and that a breach of such duty should give rise to a private right of action for damages. (4 Witkin,
 
 supra,
 
 Pleading, § 537, pp. 624-625.) However, plaintiffs have not suggested any persuasive reasoning or authority to support their position. We do not believe the statutory language supports recovery on such a
 
 *289
 
 private right of action where there has been a specific factual finding that no such discrimination or harassment actually occurred at the plaintiffs’s workplace. Rather, this seems to be an area where the DFEH would have jurisdiction to remedy inadequate procedures. (§ 12960 et seq.)
 

 The commonsense approach used by the trial court has great intuitive appeal: “[T]here’s no logic that says an employee who has not been discriminated against can sue an employer for not preventing discrimination that didn’t happen, for not having a policy to prevent discrimination when no discrimination occurred . . . .” Employers should not be held liable to employees for failure to take necessary steps to prevent such conduct, except where the actions took place and were not prevented. Plaintiffs have not shown this duty was owed to them, under these circumstances. Also, there is a significant question of how there could be legal causation of any damages (either compensatory or punitive) from such a statutory violation, where the only jury finding was the failure to prevent actionable harassment or discrimination, which, however, did not occur.
 

 Under all the circumstances and available authority, we are satisfied that the jury’s special verdict is too inconsistent to be enforced.
 
 (Mixon
 
 v.
 
 Riverview Hospital
 
 (1967) 254 Cal.App.2d 364, 375 [62 Cal.Rptr. 379].) The trial court correctly interpreted the verdict as not including an essential foundational predicate of harassment or discrimination, as required by the statutory scheme to support a finding of violation of Government Code section 12940, subdivision (i), and the noneconomic and punitive damages that were awarded by this jury lack support in the record. The JNOV was correctly granted.
 

 Disposition
 

 The JNOV is affirmed.
 

 Benke, Acting P. J., and Haller, J., concurred.
 

 [1]
 

 A11 further statutory references are to the Government Code unless otherwise specified. Section 12940 is part of the California Fair Employment and Housing Act (FEHA), section 12900 et seq.
 

 [2]
 

 The appeal is from the judgment entered after the grant of JNOV, not the order itself.
 
 (Walton
 
 v.
 
 Magno
 
 (1994) 25 Cal.App.4th 1237, 1240 [30 Cal.Rptr.2d 815].) The challenge to the order denying reconsideration is also subsumed in the appeal from the judgment.
 
 (Rojes
 
 v.
 
 Riverside General Hospital
 
 (1988) 203 Cal.App.3d 1151, 1160-1162 [250 Cal.Rptr. 435], overruled in other part by
 
 Passavanti
 
 v.
 
 Williams
 
 (1990) 225 Cal.App.3d 1602, 1607 [275 Cal.Rptr. 887].) Plaintiffs and appellants designated only the reporter’s transcript from the hearing on the JNOV motion, not that from the entire trial. For our purposes, the record is adequate to review the issues presented.
 

 [3]
 

 In their reply brief, plaintiffs suggest that, like unspecified safety regulations found in the Labor Code concerning the California Occupational Safety and Health Act (OSHA; Lab. Code, § 6300 et seq.), the statute under discussion here must be broadly enforced as a preventative and protective measure. This argument is too vague to be of much help here.
 

 [4]
 

 Administrative decisions of the FEHC are given great weight by the courts as interpretations of their governing statutes and regulations.
 
 (Page
 
 v.
 
 Superior Court, supra,
 
 31 Cal.App.4th at pp. 1213-1214; 9 Witkin,
 
 supra,
 
 Appeal, § 922, pp. 960-961.) Under
 
 *288
 
 section 11425.60, an administrative agency such as the Fair Employment and Housing Commission (FEHC) may designate selected decisions as precedential. Of the FEHC decisions relied on by the parties, only the one chiefly relied on by defendants,
 
 DFEH
 
 v.
 
 Fidelity National Title Ins. Co.
 
 (1994) FEHC Dec. No. 94-08, has not been given precedential effect by the agency. (§ 11425.60, subd. (c).)
 

 [5]
 

 Another case relied on by plaintiffs to show an employing entity is required to take reasonable steps against harassment,
 
 Flait
 
 v.
 
 North American Watch Corp.
 
 (1992) 3 Cal.App.4th 467, 475 [4 Cal.Rptr.2d 522], cites to the sexual harassment portion (subd. (h)) of section 12940 for such proposition. This case does not answer the question presented here as to subdivision (i), as it returned the matter for resolution of factual issues about the supervisor’s good faith belief that sexual harassment had occurred.
 
 (Flait, supra,
 
 at p. 478; see also
 
 Cotran
 
 v.
 
 Rollins Hudig Hall Internat., Inc.
 
 (1998) 17 Cal.4th 93 [69 Cal.Rptr.2d 900, 948 P.2d 412].)