Edward ESHAYA, Plaintiff—Appellant,

v.

THE BOEING COMPANY, a
Washington corporation,
Defendant—Appellee.

No. 03–55594.
D.C. No. CV–01–08899–GAF.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 4, 2004.*

Decided Nov. 24, 2004.

---

* This panel unanimously finds this case suit-
able for decision without oral argument.  See      Fed. R.App. P. 34(a)(2).

Craig T. Byrnes, Law Offices of Craig T. Byrnes, Los Angeles, CA, for Plaintiff–Appellant.

Allan P. Loewe, Esq., Peck & Loewe, Westlake Village, CA, for Defendant–Appelle.

Before FERNANDEZ, SILVERMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Appellant Edward Eshaya, a flight test mechanic, alleged The Boeing Company discriminated against him on the basis of mental disability (claustrophobia); failed to engage in a good faith interactive process; failed to accommodate him; and failed to prevent discrimination in violation of the California Fair Employment and Housing Act (FEHA) (Calif. Govt.Code § 12940 et seq.)[1] Eshaya appeals the district court's grant of summary judgment in favor of Boeing and denial of his motion for partial summary judgment on his claims for fail-

ure to engage in a good faith interactive process and failure to prevent discrimination. We affirm.

We review a grant of summary judgment de novo. *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004). We must determine, viewing the evidence in the light most favorable to Eshaya, whether any genuine issues of material fact exist and whether the district court correctly applied the relevant substantive law. *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000). Because the parties are familiar with the facts, we recite them only as necessary to this decision.

In order to establish the prima facie elements of disability discrimination, a plaintiff must show that (1) he suffers from a disability within the meaning of FEHA; (2) he is able to perform the essential functions of his job with a reasonable accommodation; and, (3) he was terminated because of his disability. *Sanders v. Arneson Products, Inc.,* 91 F.3d 1351, 1353 (9th Cir.1996); *see also Jimeno v. Mobil Oil Corp.,* 66 F.3d 1514, 1520 (9th Cir.1995) (interpreting FEHA consistent with Americans with Disabilities Act). Assuming that Eshaya is disabled within the meaning of FEHA, his claim does not survive summary judgment because he failed to establish either of the second two elements of disability discrimination.

■ Eshaya could not perform the essential functions of his job. Flight mechanics were required to enter the cargo area because many components of the essential systems of the aircraft were accessible only in this area, yet Eshaya's doctor had permanently restricted him from

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Eshaya also alleged age discrimination, retaliation for opposing discrimination, and wrongful termination in violation of public policy; however, he has not raised these claims on appeal.

working in the cargo bay. Boeing could not reasonably accommodate Eshaya's restriction due to significant downsizing.

■ Additionally, Eshaya did not suffer an adverse employment action. Assuming, as Eshaya avers, that a threat to terminate would suffice to establish an adverse employment action for purposes of disability discrimination, there is no evidence that Boeing threatened to terminate him. Boeing placed Eshaya on medical leave which would result in automatic termination, once exhausted, in compliance with the collective bargaining agreement. Although Boeing sent two letters to Eshaya in October 2001, neither threatened to terminate him because of his disability. Eshaya voluntarily retired before exhausting his medical leave.

Since Eshaya did not carry his burden of proof on the discrimination claim, his claim for failure to prevent discrimination is not viable. *See Trujillo v. North County Transit District,* 63 Cal.App.4th 280, 288–289, 73 Cal.Rptr.2d 596 ("[T]here's no logic that says an employee who has not been discriminated against can sue an employer for not preventing discrimination that didn't happen, for not having a policy to prevent discrimination when no discrimination occurred. . . .")

■ We find that Boeing engaged in a timely, good faith interactive process. Boeing explored the suggestions of Eshaya and his representatives, and offered objectively reasonable explanations as to why there were no available jobs that could accommodate Eshaya's restrictions. *See Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1089 (9th Cir., 2002).

Boeing could not reasonably accommodate Eshaya without undue hardship. Eshaya's suggested accommodations included replacing a co-worker in the oxygen lab or in ground support, and/or assigning his cargo bay responsibilities to others in the department. These suggestions are unreasonable. *See Watkins v. Ameripride Servs.,* 375 F.3d 821, 829 (9th Cir., 2004) (holding that an employer can prevail on a reasonable accommodation claim by showing there simply was no vacant position within the employer's organization for which the disabled employee was qualified and which the disabled employee was capable of performing with or without accommodation). Additionally, the undisputed material facts establish that personnel resources were limited and no other suitable jobs were available for Eshaya in light of the significant downsizing of Boeing's operations.

AFFIRMED.