**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YOUN YOON, an individual, | No. 09-55776 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-05005-DDP-AGR |
| v. | |
| KAISER FOUNDATION HOSPITAL, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted January 11, 2011[**]

Pasadena, California

Before: McKEOWN, W. FLETCHER, and CLIFTON, Circuit Judges.

Plaintiff Appellant Youn Yoon appeals from summary judgment in favor of

Defendant Appellee Kaiser Foundation Hospital ("Kaiser"). Yoon appeals only

the district court's decision on her retaliation claim. She appeals the district court's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision on her failure to investigate claim, but only insofar as Kaiser's alleged failure to investigate is evidence that Kaiser placed her on paid administrative leave in retaliation for engaging in protected activity. On appeal, summary judgment is reviewed *de novo*. *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 927 (9th Cir. 2005).

1. Retaliation

Under California Law, it is unlawful for any employer to retaliate against an employee for opposing practices forbidden under California's Fair Employment and Housing Act. Cal. Gov. Code § 12940(h). To make out a prima facie case for retaliation, a plaintiff must show the following: 1) she engaged in a protected activity; 2) her employer subjected her to an adverse employment action after engaging in such activity; and 3) there is a causal link between the two. *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005). Once an employee establishes a prima facie case, the employer is required to offer a legitimate, nonretaliatory reason for the adverse employment action. *Id.* If the employer produces such a reason, the burden shifts back to the plaintiff to prove intentional retaliation. *Id.*

Here, we need not reach the question whether Yoon established a prima facie case of discrimination. Assuming that she did, Kaiser clearly had a

legitimate, nonretaliatory reason for placing Yoon on paid administrative leave. Yoon's May 22, 2004 letter suggested that she suffered from some form of mental illness. Concerned about the letter, Kaiser ordered her to undergo a fitness for duty evaluation. Examining psychiatrists determined that Yoon could no longer work with infants. In her deposition, Yoon admitted that she would not feel comfortable returning to work because she was scared of people and feared being attacked by co-workers. Yoon also admitted that she was diagnosed with paranoia, schizophrenia and auditory hallucinations. Nothing in the record could lead a reasonable fact finder to conclude that Kaiser's reasons for placing Yoon on paid administrative leave were pretextual.

2. Failure to Investigate

California law makes it unlawful for an employer to "fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." Cal. Gov. Code § 12940(k). Yoon contends that Kaiser failed to investigate her claims of discrimination and harassment after she notified Kaiser in her July 2002 "Unusual Occurrence Report" and her May 2004 letter.

To make out a failure to investigate claim, plaintiffs must first establish a prima facie case of discrimination. *See Trujillo v. N. County Transit Dist.*, 63 Cal. App. 4th 280, 288-9 (1998). Yoon does not challenge on appeal the district court's

determination that she failed to make out a prima facie case of discrimination. Therefore, the issue is waived. *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (1994) (court only reviews "issues which are argued specifically and distinctly in a party's opening brief."). Morever, Yoon has no evidence that Kaiser's decision to place her on administrative leave was based on race, religion, national origin, or on any reason other than her unfitness to perform her duties as a maternity nurse.

Yoon argues that Kaiser's failure to investigate is circumstantial evidence that she was placed on administrative leave in retaliation for her protected activity. But Kaiser's failure to investigate was almost two years before she was eventually placed on administrative leave. The district court held that Kaiser's failure to investigate was too far removed from Yoon's ultimate placement on paid administrative leave to create a genuine dispute of material fact as to whether Yoon was subjected to retaliation. We agree. *See Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 615 (1989) (retaliation must follow "within a relatively short time" after protected activities).

For the foregoing reasons, summary judgment is **AFFIRMED**.