**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THEODORE TARVER, Jr., | No. 09-17145 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-03500-SI |
| v. | |
| CITY OF SAN FRANCISCO, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted February 17, 2011
San Francisco, California

Before: SCHROEDER and THOMAS, Circuit Judges, and ADELMAN, District
Judge.[**]

Plaintiff-appellant Theodore Tarver, a former police officer, appeals the

district court's grant of summary judgment to the City of San Francisco ("the

City") in his action against the City for retaliation and discrimination under Title

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Lynn S. Adelman, District Judge for the United States
District Court for the Eastern District of Wisconsin, sitting by designation.

VII, the Americans with Disabilities Act, the Rehabilitation Act, and the California Fair Employment and Housing Act ("FEHA"). Tarver alleges the City retaliated against him in connection with his applications to be rehired by the San Francisco Police Department because he filed a prior lawsuit against the City. He also contends the City discriminated against him because of his disability.

The district court did not err in granting summary judgment to the City on Tarver's retaliation claims. No reasonable jury could find a causal link between the City's failure to process his application and his prior lawsuit. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). Even if Tarver could establish a prima facie case, he failed to raise a triable issue as to whether the City's legitimate reasons for not processing his applications were pretext for retaliation. *Id.* Tarver did not meet the lateral hiring requirements because he was not a current active peace officer when he applied in September 2007. The City also had legitimate reasons to not process his application for an entry-level position because Tarver did not meet the weight requirement and his application was incomplete.

The district court also properly granted summary judgment to the City on Tarver's disability claims because there was no evidence that the City perceived him as disabled when he applied for a lateral or entry-level position. On the contrary, the City acknowledged that he passed the physical ability test and

2

recommended that he continue with the selection process. Similarly, because the City did not regard him as disabled and Tarver did not request a reasonable accommodation, his claim that the City did not engage in any good faith interactive process must also fail. *See Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1112 (9th Cir. 2000) (en banc) ("The interactive process is triggered either by a request for accommodation by a disabled employee or by the employer's recognition of the need for such an accommodation."), *vacated in part on other grounds by U.S. Airways, Inc. v. Barnett*, 535 U.S. 391 (2002).

Because Tarver fails to show that the City discriminated or retaliated against him, he cannot state a claim under FEHA that the City failed to investigate his complaints of retaliation or discrimination. *See Trujillo v. N. Cnty. Transit Dist.*, 63 Cal. App. 4th 280, 288-89 (1998) (stating that there is no cause of action for failure to take reasonable steps necessary to prevent discrimination when there has been a specific factual finding that no such discrimination actually occurred). The district court properly and adequately dealt with all of Tarver's arguments on summary judgment.

**AFFIRMED.**

3