**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAREN THOMAS, an individual, | No. 09-56940 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00474-RGK-E |
| v. | |
| FEDERAL EXPRESS CORPORATION, a corporation, DBA Fedex Express, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted May 2, 2011
Pasadena, California

Before: PREGERSON, FISHER, and BERZON, Circuit Judges.

Karen Thomas appeals the district court's grant of summary judgment

dismissing various claims she brought against her former employer, the Federal

Express Corporation. We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** Thomas has not raised a triable issue of fact supporting her claim that Federal Express failed reasonably to accommodate her disability in violation of Cal. Gov. Code § 12940(m). She adduced no evidence that she was capable of performing the essential functions of any job at Federal Express, even with reasonable accommodation. *See, e.g., Scotch v. Art Inst. of Cal.-Orange Cnty., Inc.*, 93 Cal. Rptr. 3d 338, 358 (Cal. Ct. App. 2009).

Bennett's expert report does not establish a triable issue of fact on this claim, because it neither explains how Thomas could have performed the essential functions of any job, nor does it indicate how any position could have been modified to accommodate Thomas's disability. Thomas advances no other evidence refuting Federal Express's assertions that it was unable to reassign her to a vacant position given the severity of her disability-related work restrictions. *See Raine v. City of Burbank*, 37 Cal. Rptr. 3d 899, 904 (Cal. Ct. App. 2006) ("A reassignment, however, is not required if there is no vacant position for which the employee is qualified." (quotations omitted)).

Federal Express also did not fail reasonably to accommodate Thomas's disability by not holding open the jobs for which Thomas applied longer than it did. Thomas was not released to work when she expressed interest in those positions, and she provided no indication of when she might be released.

Moreover, Federal Express adduces evidence that once she submitted her disability-related work restrictions, they were incompatible with those positions. Thomas offers no explanation for why that conclusion is not true.

Nor was it a violation for Federal Express not to extend the 30-month medical leave period. According to the medical documentation provided by Dr. Capen, Thomas's disability was permanent. Thomas has not advanced any evidence on the basis of which Federal Express reasonably could have inferred her work restrictions would be modified, and nothing suggests that extending the leave period could have helped her find a suitable position. *See Hanson v. Lucky Stores, Inc.*, 87 Cal. Rptr. 2d 487, 494 (Cal. Ct. App. 1999) ("[A]n employer is not required to offer an accommodation that is likely to be futile because, even with accommodation, the employee could not safely and efficiently perform the essential functions of the job." (quotation omitted)).

Because Federal Express had no reason to think Thomas's restrictions would be modified, it was not required to assign Thomas to temporary light-duty work, as employers are not obligated to transform temporary light-duty assignments into permanent positions. *See Raine*, 37 Cal. Rptr. 3d at 908.

**2.** Thomas also has not raised a genuine issue of material fact as to whether Federal Express failed "to engage in a timely, good faith, interactive process" to

determine if any reasonable accommodation could be made. *See* Cal. Gov. Code § 12940(n).

Federal Express actively assisted Thomas in seeking a suitable position, but its efforts were hampered by Thomas's delays in obtaining medical documentation releasing her to work. Federal Express continued to assist Thomas once she provided her disability-related work restrictions, but neither party was able to identify a vacant position Thomas could perform, even with reasonable accommodation. Because Federal Express was not to blame for any breakdown in the interactive process, it is not liable. *See Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc.*, --- F.3d ----, 2011 WL 1549232, at *7 (9th Cir. Apr. 26, 2011).

Robbins's expert report is not to the contrary. The evidence establishes that once aware of Thomas's restrictions, Federal Express engaged in the very process Robbins recommended.

**3.** Because Thomas adduced no evidence that she could perform the essential functions of any job at Federal Express, even with reasonable accommodation, her claim of disability discrimination fails as well. *See Green v. State*, 165 P.3d 118, 123 (Cal. 2007) ("[I]n order to establish that a defendant employer has discriminated on the basis of disability in violation of the FEHA, the

plaintiff employee bears the burden of proving he or she was able to do the job, with or without reasonable accommodation.").

**4.** As Thomas does not have a viable discrimination claim, her claim that Federal Express failed to take all reasonable steps to prevent discrimination, in violation of Cal. Gov. Code § 12940(k), also fails. *See Dep't of Fair Emp't*, --- F.3d ----, 2011 WL 1549232, at *12 (citing *Trujillo v. N. Cnty. Transit Dist.*, 73 Cal. Rptr. 2d 596, 602 (Cal. Ct. App. 1998)).

**5.** Finally, because there are no genuine issues of material fact remaining as to any of Thomas's other claims, the district court properly granted summary judgment in favor of Federal Express on Thomas's claim that she was wrongfully terminated in violation of public policy. *See id.*

**AFFIRMED**