**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENNIFER SCHOULTZ, | No. 15-55326 |
| Plaintiff- Appellant, | D.C. No. 5:14-cv-01466-JFW-KK |
| v. | |
| WELLS FARGO BANK, N.A., a | MEMORANDUM* |
| corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted November 10, 2016**
Pasadena, California

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and MARQUEZ***
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Rosemary Marquez, United States District Judge for the District
of Arizona, sitting by designation.

Plaintiff-Appellant Jennifer Schoultz ("Schoultz") appeals from the United States District Court for the Central District of California's grant of summary judgment in favor of Defendant-Appellee Wells Fargo Bank, N.A. ("Wells Fargo") on Schoultz's claims under the California Fair Employment and Housing Act ("FEHA"). Our review is de novo. *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (en banc). "We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law." *Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir. 1999); *see also* Fed. R. Civ. P. 56(a).

The district court correctly granted summary judgment in Wells Fargo's favor on Schoultz's disability discrimination and retaliation claims after applying the burden-shifting test established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 354 (2000) (*McDonnell Douglas* test applies to FEHA disability discrimination claims based on a theory of disparate treatment); *Sada v. Robert F. Kennedy Med. Ctr.*, 56 Cal. App. 4th 138, 155 (1997) (*McDonnell Douglas* test applies to FEHA retaliation claims). Wells Fargo presented competent, admissible evidence of a legitimate reason for its failure to hire Schoultz, and Schoultz failed to establish a genuine factual dispute that Wells

Fargo's proffered reason was a pretext for unlawful discrimination or retaliation. In the absence of a triable claim for disability discrimination, Schoultz's claim for failure to prevent discrimination failed as a matter of law. *See Trujillo v. N. Cty. Transit Dist.*, 63 Cal. App. 4th 280, 289 (1998).

The district court also correctly granted summary judgment in Wells Fargo's favor on Schoultz's claims for failure to accommodate and failure to engage in the interactive process, because it was undisputed that Schoultz did not notify anyone at Wells Fargo, when she applied for a Collector 1 position in 2013, that she potentially needed accommodation for a disability. *See Arteaga v. Brink's, Inc.*, 163 Cal. App. 4th 327, 349 (2008).

AFFIRMED.