**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAHRAM RIAZATI KESHE, | No.   16-55645 |
| Plaintiff-Appellant, | D.C. No.<br>2:14-cv-08418-CAS-MAN |
| v. | |
| CVS PHARMACY and DOES, 1 to 10<br>inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted October 4, 2017
Pasadena, California

Before:  KLEINFELD, GRABER, and CHRISTEN, Circuit Judges.

Plaintiff-Appellant Shahram Riazati Keshe appeals the district court's order

granting summary judgment in favor of Defendant-Appellee CVS Pharmacy.  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

  *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We review an order granting summary judgment de novo. *Berezovsky v. Moniz*, 869 F.3d 923, 927 (9th Cir. 2017). "We may affirm for any reason supported by the record." *Travelers Prop. Cas. Co. of Am. v. ConocoPhillips Co.*, 546 F.3d 1142, 1145 (9th Cir. 2008).

1. We affirm summary judgment on Keshe's first, second, third, fourth, seventh, tenth, and eleventh claims, for discrimination and retaliation in violation of California's Fair Employment and Housing Act (FEHA), the California Family Rights Act (CFRA), and the public policy expressed in California Labor Code § 132a. We apply the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to those claims. *See Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1130 (Cal. 2005) (retaliation); *Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1113 (Cal. 2000) (discrimination); *Arteaga v. Brink's, Inc.*, 77 Cal. Rptr. 3d 654, 677 (Ct. App. 2008) (§ 132a public policy).

Even if Keshe had established a prima facie case for his claims, CVS proffered a legitimate reason for Keshe's termination—his physical altercation with the would-be shoplifter—and Keshe presented no evidence of pretext. Keshe attacks the adequacy of CVS's investigation and challenges its conclusion that he was not acting in self-defense when he grabbed the shoplifter. But "[t]o show that an employer's reason for termination is pretextual, an employee cannot simply

2

show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent or competent." *Featherstone v. S. Cal. Permanente Med. Grp.*, 217 Cal. Rptr. 3d 258, 267 (Ct. App. 2017) (internal quotation marks omitted). Keshe's other arguments do not cast doubt on CVS's stated reason for his firing.

We also affirm the entry of summary judgment on Keshe's thirteenth claim. There is no FEHA claim for failure to prevent discrimination if no discrimination occurred. *See Trujillo v. N. Cty. Transit Dist.*, 73 Cal. Rptr. 2d 596, 601–02 (Ct. App. 1998).

2. Summary judgment was correctly entered on Keshe's fifth and twelfth claims. Even if CVS failed to accommodate Keshe or to engage in an interactive process to identify reasonable accommodations, its failure did not result in Keshe's suffering a compensable injury. After Keshe took two paid sick days, he worked without incident until his altercation with the shoplifter, and he testified that his emotional distress was due, exclusively, to his firing. Keshe cannot create a genuine dispute of material fact through unsworn argument to the contrary. *See* Fed. R. Civ. P. 56(c)(1)(A).

3.  We also affirm summary judgment on Keshe's sixth claim.  CVS fired Keshe in reliance on a surveillance video and an investigation that concluded Keshe was not acting in self-defense when he grabbed the shoplifter.  At best, Keshe's evidence shows that CVS may have reached the wrong conclusion about Keshe's altercation with the shoplifter—not that it fired him for exercising his right to self-defense.  *See Turner v. Anheuser-Busch, Inc.*, 876 P.2d 1022, 1034 (Cal. 1994).

4.  Finally, we affirm summary judgment on Keshe's eighth and ninth claims.  CVS did not prevent Keshe from taking sick days in the immediate aftermath of his back injury, and his condition after he returned did not render him eligible for CFRA leave.  As relevant here, CFRA leave is available to an employee with a "serious health condition that makes the employee unable to perform the functions of the position of that employee."  Cal. Gov't Code § 12945.2(c)(3)(C).  Keshe averred that he was able to perform the essential functions of his position once he returned to CVS.

**AFFIRMED.**