**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CYRUS RAPHAEL, | No. 16-56759 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-05080-SVW-JEM |
| v. | |
| TESORO CORPORATION, a Corporation; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted April 13, 2018
Pasadena, California

Before: ROGERS,[**] BYBEE, and WATFORD, Circuit Judges.

Plaintiff Cyrus Raphael appeals the district court's grant of summary

judgment to his former employer, Tesoro Refining & Marketing Company, on

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable John M. Rogers, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

several California state-law causes of action arising from Raphael's termination in March 2014. The appeal lacks merit.

The district court properly granted summary judgment to Tesoro on Raphael's claim for race discrimination in violation of Cal. Gov't Code § 12940(a). The *McDonnell Douglas* burden-shifting framework applies to claims of disparate treatment brought under California's Fair Employment and Housing Act, which includes § 12940(a). *Merrick v. Hilton Worldwide, Inc.*, 867 F.3d 1139, 1145 (9th Cir. 2017). Assuming that Raphael has established a prima facie case at step one, Tesoro has met its step-two burden by offering a non-discriminatory justification for the termination: namely, that Raphael repeatedly violated company policy by engaging in hostile and insubordinate conduct and using profanity toward his supervisor, Loren Ahlen, and that Raphael yelled at and harassed three different contractors who worked with Tesoro. At step three, it is Raphael's burden to "raise a triable issue suggesting that the employer's proffered reason is mere pretext for unlawful discrimination, or offer other evidence of discriminatory motive." *Id.* at 1146.

Raphael failed to meet this burden because he did not offer enough evidence to create a genuine issue as to whether Tesoro's asserted reasons for firing him were pretextual. He first offers direct evidence of pretext through the declarations of two individuals, Astrid Labadie and Ritchie Roberts, which state that Ahlen

made derogatory remarks toward Raphael prior to 2011 and once in 2012. However, the declarations are bare-bones; they conspicuously omit the substance of Ahlen's alleged remarks, and instead offer only the conclusion that those remarks were derogatory. Although "very little" direct evidence of discriminatory intent is needed to defeat summary judgment, *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1128 (9th Cir. 2000) (quoting *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1998)), Raphael's evidence fails to clear even this low hurdle. First, Raphael has forfeited the argument because his motion in opposition to summary judgment did not contend that he could show pretext based on either of these declarations, and he raises the argument for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Even if the argument were not forfeited, these declarations are too conclusory to raise a genuine issue regarding pretext. "Conclusory, speculative testimony in affidavits . . . is insufficient to raise genuine issues of fact and defeat summary judgment." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). The conclusory nature of the declarations distinguishes this case from others in which evidence of the specific content of discriminatory statements overcame summary judgment. *See, e.g., Chuang*, 225 F.3d at 1128 (reversing summary judgment when a member of the defendant's Executive Committee had said that "'two Chinks' in the pharmacology department were 'more than

enough'"); *Cordova v. State Farm Ins. Cos.*, 124 F.3d 1145, 1149–50 (9th Cir. 1997) (reversing summary judgment when the supervisor had referred to another employee as a "dumb Mexican").

Moreover, the record is replete with evidence that Tesoro actually fired Raphael based on his misconduct. Raphael admits that he repeatedly cursed at and was insubordinate to Ahlen, and the record shows that Tesoro thoroughly investigated complaints made by three different contractors that Raphael had engaged in harassing, disrespectful, and unprofessional conduct toward them. In view of this record evidence, no reasonable jury could conclude that the vague and conclusory declarations Raphael offers show that Tesoro's non-discriminatory justifications were pretextual.

Raphael also points to a host of circumstantial evidence, but it does not raise a genuine issue as to pretext. To avoid summary judgment using circumstantial evidence, a plaintiff must offer circumstantial evidence that is "specific and substantial." *Coghlan v. Am. Seafoods Co.*, 413 F.3d 1090, 1095 (9th Cir. 2005) (quoting *Godwin*, 150 F.3d at 1222). Raphael's circumstantial evidence does not rise to this level. He argues that Tesoro's investigation into the contractors' complaints against him was so deficient as to amount to a sham, *see Mendoza v. W. Med. Ctr. Santa Ana*, 166 Cal. Rptr. 3d 720, 728 (Cal. Ct. App. 2014), but the purported flaws Raphael identifies are either non-existent or *de minimis*.

Raphael's retaliation claim under Cal. Gov't Code § 12940(h) is also subject to the *McDonnell Douglas* framework, *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1243 (9th Cir. 2013), and it also fails at step three because Raphael has not produced evidence of pretext.

The district court properly granted Tesoro summary judgment on Raphael's harassment claim as well. Under Cal. Gov't Code § 12940(j), a plaintiff must show harassment that is more than "occasional, isolated, sporadic, or trivial[;] rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature." *Aguilar v. Avis Rent A Car Sys., Inc.*, 980 P.2d 846, 851 (Cal. 1999) (quoting *Fisher v. San Pedro Peninsula Hosp.*, 262 Cal. Rptr. 842, 852 (Cal. Ct. App. 1989) (alteration in original)). Raphael has not offered evidence of harassment anywhere close to this level. For one thing, he admitted in deposition testimony that he could not recall Ahlen ever making discriminatory comments to him based on his race or national origin. Even if the Labadie and Roberts declarations are taken into account, they fall well short of establishing a "concerted pattern of harassment of a repeated, routine or a generalized nature."

Finally, the district court correctly held that Raphael's claim under Cal. Gov't Code § 12940(k) fails in the absence of any underlying discrimination, harassment, or retaliation. *See Merrick*, 867 F.3d at 1150; *Trujillo v. N. Cty. Transit Dist.*, 73 Cal. Rptr. 2d 596, 601–02 (Cal. Ct. App. 1998).

Raphael raises additional arguments, but they are also without merit.

The judgment of the district court is affirmed.