**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| O'NEILL HOOKER, | No. 12-55851 |
| Plaintiff - Appellant, | D.C. No. 8:11-cv-00483-JST-E |
| v. | |
| PARKER-HANNIFIN CORPORATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

O'Neill Hooker appeals pro se from the district court's summary judgment

in his diversity action alleging workplace discrimination and retaliation in violation

of the Fair Employment and Housing Act ("FEHA") and the California Family

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument, and accordingly denies Parker-Hannifin Corporation's
request for oral argument, set forth in its answering brief.  *See* Fed. R. App. P.
34(a)(2).

Rights Act ("CFRA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1241 (9th Cir. 2013). We affirm.

The district court properly granted summary judgment on Hooker's disability discrimination and retaliation claims because Hooker failed to raise a genuine dispute of material fact as to whether defendant's reason for terminating his employment was pretextual. *See id.* at 1242-44 (setting forth the framework for analyzing disability discrimination and retaliation claims under the FEHA, and explaining that circumstantial evidence must be specific and substantial to prove pretext); *Faust v. Cal. Portland Cement Co.*, 58 Cal. Rptr. 3d 729, 744 (Ct. App. 2007) (elements of a retaliation claim under the CFRA).

The district court properly granted summary judgment on Hooker's claims alleging failure to prevent discrimination and wrongful termination in violation of public policy because Hooker failed to raise a genuine dispute of material fact as to his disability discrimination or retaliation claims. *See Sanders v. Arneson Prods., Inc.*, 91 F.3d 1351, 1354 (9th Cir. 1996) (affirming summary judgment on public policy claim based on anti-discrimination law where plaintiff failed to a raise triable dispute as to discrimination claim); *Trujillo v. N. Cnty. Transit Dist.*, 73 Cal. Rptr. 2d 596, 601-02 (Ct. App. 1998) (no claim for failure to prevent

discrimination when no actionable discrimination occurred).

We reject Hooker's contentions concerning claims that were not presented to the district court.

We do not consider any documents that are not part of the district court record. *See Kirshner v. Uniden Corp. of Am.,* 842 F.2d 1074, 1077 (9th Cir. 1988).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, including summary judgment on Hooker's claims of age and race discrimination and failure to prevent harassment. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**