Filed 3/24/15  (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DOMANIQUECA DICKSON, | B253154 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC465675) |
| v. | ORDER MODIFYING OPINION [NO CHANGE IN JUDGMENT] |
| BURKE WILLIAMS, INC., | |
| Defendant and Appellant. | |

THE COURT:

It is ordered that the opinion filed herein on March 6, 2015, be modified.

1.      On page 6, under subsection 2, Applicable Law, the first sentence should be changed to read as follows**:  Section 12940 provides, "It is an unlawful employment practice . . . :  [¶]  (a) [f]or an employer, because of . . . sex . . . to discriminate against the person . . .  [¶] [and] (j)(1) [f]or an employer . . . , or any other person, because of . . . sex . . . to harass an employee."**

2.      On page 7, at the end of subsection 2, we add the following:  **Sexual harassment is actionable outside the workplace under Civil Code section 51.9 if the harassing conduct is "pervasive or severe," as under the FEHA.  (*Hughes v. Pair, supra,* 46 Cal.4th at p. 1039.)**

3.      In footnote 7 on page 7, the second sentence is revised to read as follows:  . **An employer is liable for harassment by a nonsupervisory employee, as well as by a**

**non employee, if the employer knew or should have known of the harassing conduct and failed to take immediate and appropriate corrective actions.**

**4.** On page 8, second full paragraph, we add as the second sentence to the paragraph the following: **Here, the jury found that the harassment was not actionable because the harassment was not severe or pervasive.**

5. On page 8, second full paragraph, at the end of the newly-added sentence, we add a **footnote 9**, which reads: **The jury did not find that the conduct was not actionable against defendant for other reasons. In this case, we refer to the harassing conduct not being actionable because it was not severe or pervasive.**

There is no change in judgment. The Petition for Rehearing is Denied.

---

MOSK, Acting P. J.                KRIEGLER, J.                GOODMAN, J.*

---

*        Judge of the Superior Court of the County of Los Angeles, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 3/6/15 (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DOMANIQUECA DICKSON, | B253154 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC465675) |
| v. | |
| BURKE WILLIAMS, INC., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Susan Bryant-Deason, Judge. Reversed and remanded with instructions.

Sheppard, Mullin, Richter & Hampton, Richard J. Simmons, Jason W. Kearnaghan, Daniel J. McQueen, Melanie M. Hamilton for Defendant and Appellant.

Law Offices of Arthur Kim and Arthur Kim for Plaintiff and Respondent.

# INTRODUCTION

Defendant and appellant Burke Williams, Inc. (defendant) appeals from a judgment entered in favor of plaintiff and respondent Domaniqueca Dickson (plaintiff) on her claims under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.[1]) for failure to take reasonable steps necessary to prevent sexual harassment or discrimination (§ 12940, subd. (k)), and the trial court's denial of its motion for judgment notwithstanding the verdict (JNOV motion). Defendant also appeals from the award of punitive damages.

In reversing the judgment, we hold there cannot be a valid claim for failure to take reasonable steps necessary to prevent sexual harassment if, as here, the jury finds that the sexual harassment that occurred was not sufficiently severe or pervasive as to result in liability. A claim for failure to take reasonable steps necessary to prevent sexual harassment cannot prevail when the necessary element of sexual harassment is not established. Similarly, the jury's finding that defendant was not liable on plaintiff's sex discrimination claim because there was no adverse employment action precludes defendant's liability for failure to take reasonable steps necessary to prevent sex discrimination.

# BACKGROUND[2]

Plaintiff, a massage therapist at a spa, filed an employment action against defendant, her employer, alleging that she was subjected to harassing and discriminatory

---

[1]     All statutory citations are to the Government Code unless otherwise noted.

[2]     As explained below, this appeal presents pure questions of law concerning plaintiff's claims for failure to take reasonable steps necessary to prevent sexual harassment and sex discrimination, which claims were based on the alleged misconduct of customers. Therefore, we do not include a recitation of plaintiff's specific factual allegations or evidence at trial.

conduct by two customers. Plaintiff presented to the jury six causes of action: (1) sex discrimination, (2) sexual harassment, (3) racial harassment; (4) retaliation, (5) failure to take reasonable steps necessary to prevent harassment and discrimination based on sex, and (6) failure to take reasonable steps necessary to prevent harassment based on race.[3]

During trial, defendant proposed a special verdict form that directed the jury to skip deliberations on plaintiff's claims for failure to take reasonable steps necessary to prevent harassment and discrimination based on sex if there was no corresponding finding of underlying liability.[4] The following exchange occurred during the discussion of the proposed special verdict form: "[Plaintiff's counsel:] And then the only issue we had with [defendant's proposed special verdict form] is, when you get to failure to prevent harassment and discrimination, they added . . . only answer . . . these questions . . . if you responded yes to the previous harassment cause of action, and we don't think that should be there. [¶] . . . [¶] They put a preface for both of the failure to prevents. [¶] The Court: I don't think you need that. [Defendant's counsel:] If there's

---

[3]     Plaintiff had claimed race discrimination, but abandoned that claim before the commencement of jury deliberations. When presented to the jury, plaintiff's single cause of action for failure to prevent harassment and discrimination was separated into two claims: (a) failure to prevent harassment or discrimination based on sex, and (b) failure to take reasonable steps necessary to prevent harassment based on race.

[4]     On two occasions, defendant proposed this special verdict form regarding plaintiff's claim for failure to take reasonable steps necessary to prevent harassment or discrimination based on sex. Defendant's first proposed special verdict form stated, "Only answer Questions 40-43 [regarding that failure to prevent claim] if you responded 'Yes' to Question 7 [the concluding proposed special verdict question regarding harassment based on sex] or 26 [the concluding proposed special verdict question regarding discrimination based on sex]. If you did not answer 'Yes' to Question 7 or 26, do not answer Questions 40-43 [the proposed special verdict questions regarding the claim for failure to prevent harassment or discrimination based on sex], and please go to question 44." Defendant's second proposed special verdict form stated, "Only answer Question 24 [the first proposed special verdict question regarding the failure to prevent claim] if you responded 'Yes' to Questions 7 [the concluding proposed special verdict question regarding harassment based on sex] or 18 [the concluding proposed special verdict question regarding discrimination based on sex]. If you did not answer 'Yes' to Questions 7 or 18, skip Questions 24-27 [regarding the failure to prevent claim] and go to Question 28."

no underlying harassment, there can't be a failure to prevent. [¶] The Court: Then the answer would be no. Was she subjected to harassment because she's a woman? The answer would be no. If there wasn't harassment, it wouldn't make any difference. [¶] . . . [¶] Is this straight out of CACI [Judicial Council of California Civil Jury Instructions]? Is there that prefatory thing in CACI? [¶] [Plaintiff's counsel:] I'm pretty sure there isn't, Your Honor." The trial court declined to give defendant's proposed special verdict form.

As to plaintiff's claims for failure to take reasonable steps necessary to prevent harassment and discrimination based on sex, the trial court instructed the jury as follows: "[Plaintiff] claims that [defendant] failed to prevent harassment or discrimination based on gender. To establish this claim, she must prove all of the following: One, that [plaintiff] was an employee of [defendant]; two, that she was subjected to harassment or discrimination because she's a woman; three, that [defendant] failed to take reasonable steps to prevent the harassment or discrimination; four, that she was harmed; and five, that [defendant]'s failure to take reasonable steps to prevent harassment or discrimination was a substantial factor in causing her harm."[5]

At the conclusion of the trial, the jury returned a special verdict finding defendant not liable for: (1) sex discrimination, (2) sexual harassment, (3) racial harassment, (4) retaliation, and (5) failure to take reasonable steps necessary to prevent harassment based on race. Regarding plaintiff's sexual and racial harassment claims, pursuant to the special verdict forms, the jury found that she was "subjected to unwanted harassing conduct" because of her sex and race but that such conduct was not "severe or pervasive." As to plaintiff's sex discrimination claim, the jury concluded that plaintiff had not suffered an adverse employment action.

Although the jury found defendant not liable for sexual harassment or sex discrimination, it nevertheless found defendant liable on plaintiff's claim for failure to

---

[5]     Although the proposed jury instructions were not included in the record, the language of this instruction given to the jury closely follows the language of CACI No. 2527.

4

take reasonable steps necessary to prevent sexual harassment "or" sex discrimination.[6] As noted, the jury did not find defendant liable for failure to take reasonable steps to prevent harassment based on race. The jury awarded plaintiff $35,000 in compensatory damages and $250,000 in punitive damages.

Defendant filed its JNOV motion in which it argued, pursuant to *Trujillo v. North County Transit Dist.* (1998) 63 Cal.App.4th 280 (*Trujillo*), that the special verdict was too inconsistent to be enforced, plaintiff had no evidence to support the punitive damages award, and the punitive damages award was excessive as a matter of law. Plaintiff opposed the motion, arguing, inter alia, that the jury had found harassing conduct based on sex, even though there was not severe or pervasive conduct, and that this was sufficient to support a claim for failure to take reasonable steps necessary to prevent sexual harassment.

The trial court denied defendant's JNOV motion, stating, "I agree with you on [plaintiff's counsel's] analysis of Trujillo. I think that it is distinguishable, and I think that [plaintiff's counsel is] correct. [¶] The jury did find that there was harassment, and they found it right on the jury form; and they also followed CACI. And I don't see any— there certainly is no misconduct and no aberration. They clearly followed the CACI, or they couldn't have gotten here, and they did. [¶] And so the motion for a JNOV, a new trial, is denied. [¶] . . . [¶] The motion is denied. The court finds the verdict is not

---

[6] Regarding plaintiff's failure to prevent harassment or discrimination claim based on sex, the special verdict returned by the jury stated, "24. Was [plaintiff] subjected to harassment or discrimination because she was a woman? [¶] _X_ Yes ___ No [¶] If your answer to Question 24 is 'Yes,' then answer Question 25. If your answer to Question 24 is 'No,' do not answer Questions 25-27, and please go on to Question 28. [¶] 25. Did [defendant] fail to take reasonable steps to prevent the harassment or discrimination? [¶] _X_ Yes ___ No [¶] If your answer to Question 25 is 'Yes,' then answer Question 26. If your answer to Question 25 is 'No,' do not answer Questions 26-27, and please go on to Question 28. [¶] 26. Was [plaintiff] harmed? [¶] _X_ Yes ___ No [¶] If your answer to Question 26 is 'Yes,' then answer Question 27. If your answer to Question 26 is 'No,' do not answer Question 27, and please go on to Question 28. [¶] 27. Was [defendant's] failure to take reasonable steps to prevent the harassment or discrimination a substantial factor in causing [plaintiff] harm? [¶] _X_ Yes ___ No [¶] Please continue to Question 28."

inconsistent with Trujillo vs. North County Transit and its progeny because the jury did make findings that plaintiff was subjected to unwanted, harassing conduct based on her sex . . . ." The trial court also concluded that the punitive damages award was appropriate because the jury found evidence of fraud, malice, or oppression and the seven-to-one ratio of punitive to compensatory damages was not excessive.

## DISCUSSION

### A.     Failure to Prevent Sexual Harassment

Defendant contends that the trial court erred in failing to give the jury its special verdict form and in denying its JNOV motion on plaintiff's claim for failure to take reasonable steps necessary to prevent sexual harassment because the jury found that defendant was not liable on plaintiff's underlying sexual harassment claim. We agree.

#### 1.     Standard of Review

An appellate court reviews de novo the issue of whether a special verdict form correctly states the law. (*Saxena v. Goffney* (2008) 159 Cal.App.4th 316, 325; *Wilson v. Ritto* (2003) 105 Cal.App.4th 361, 366.) Ordinarily, "[o]n appeal from the denial of a JNOV motion, we 'review[] the record in order to make an independent determination whether there is any substantial evidence to support the jury's findings.' [Citation.]" (*Scott v. Ford Motor Co*. (2014) 224 Cal.App.4th 1492, 1499.) The issue of whether in this case there can be liability for failure to prevent harassment under section 12940, subdivision (k), however, is a question of law that we review de novo. (*Trujillo*, *supra*, 63 Cal.App.4th at p. 284.)

#### 2.     Applicable Law

Section 12940 provides, "It is an unlawful employment practice . . . : [¶] (a) [f]or an employer, because of . . . sex . . . to discriminate against the person . . . [¶] [and] (j)(1) [f]or an employer . . . because of . . . sex . . . to harass an employee." Section 12940,

6

subdivision (k) states in part that "[i]t is an unlawful employment practice . . . : [¶] For an employer . . . to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."[7] It creates a separate actionable tort enforceable upon the establishment of the usual tort elements of duty of care, breach of duty (a negligent act or omission), causation, and damages. (*Trujillo*, *supra*, 63 Cal.App.4th at pp. 286-287.) One of the elements of a harassment claim pursuant to section 12940, subdivision (j)(1) is that the harassment be sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive working environment. (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1038, 1043; *Lyle v. Warner Brothers Television Productions* (2006) 38 Cal.4th 264, 278-279, 283-285; *Jones v. Department of Corrections & Rehabilitation* (2007) 152 Cal.App.4th 1367, 1377; *Fisher v. San Pedro Peninsula Hospital* (1989) 214 Cal.App.3d 590, 608; CACI No. 2521A.)

### 3. *Analysis*

In *Trujillo, supra*, 63 Cal.App.4th 280, the plaintiffs sued their employer and a supervisor alleging the supervisor engaged in harassing and discriminatory conduct. (*Id.* at p. 283.) The plaintiffs alleged several causes of action, including violation of the FEHA because of racial discrimination, hostile work environment, and failure to take reasonable steps necessary to prevent discrimination and harassment. (*Id.* at pp. 282, 283.) The jury returned a special verdict "finding defendants had committed no

---

[7] Here, as noted, we deal with alleged sexual harassment by customers, not employees. An employer is liable for harassment by a nonsupervisory employee if the employer knew or should have known of the harassing conduct and failed to take immediate and appropriate corrective actions. (§ 12940, subd. (j)(1).) The employer is strictly liable for acts of sexual harassment by a supervisor. (*State Dept. of Health Services v. Superior Court* (2003) 31 Cal.4th 1026, 1041.) An action against an employer for hostile environment sexual harassment by a supervisor may "escape liability for those damages, and only those damages," when the employer pleads and proves that "(1) the employer took reasonable steps to prevent and correct workplace sexual harassment; (2) the employee unreasonably failed to use the preventive and corrective measures that the employer provided; and (3) reasonable use of the employer's procedures would have prevented at least some of the harm that the employee suffered." (*Id.* at p. 1044.)

7

discriminatory, racially harassing, or retaliatory conduct . . . ." (*Id*. at p. 283.) The jury nonetheless found the employer was liable for failing to take all reasonable steps necessary to prevent discrimination and harassment from occurring. (*Ibid*.)

The defendants in *Trujillo, supra*, 63 Cal.App.4th 280 brought a JNOV motion on the ground of, inter alia, error of law. (*Id*. at p. 283.) The court affirmed the issuance of the JNOV, concluding, "[W]e are satisfied that the jury's special verdict is too inconsistent to be enforced. [Citation.]" (*Id*. at p. 289.) The court stated, "We do not believe that the statutory language [of section 12940, subdivision (k)] supports recovery on such a private right of action where there has been a specific factual finding that no such discrimination or harassment actually occurred . . . ." (*Id*. at pp. 288-289.) The court also said, "The commonsense approach used by the trial court has great intuitive appeal: '[T]here's no logic that says an employee who has not been discriminated against can sue an employer for not preventing discrimination that didn't happen, for not having a policy to prevent discrimination when no discrimination occurred . . . .'" (*Id*. at p. 289; *Kohler v. Inter-Tel Technologies* (9th Cir. 2001) 244 F.3d 1167, 1174, fn. 4 [cited *Trujillo*].) Our Supreme Court in *Carter v. California Dept. of Veterans Affairs* (2006) 38 Cal.4th 914, 925, fn. 4, cited *Trujillo*, *supra*, 63 Cal.App.4th 280 for the proposition that "courts have required a finding of actual discrimination or harassment under FEHA before a plaintiff may prevail under section 12940, subdivision (k)." (*Carter v. California Dept. of Veterans Affairs*, *supra*, 38 Cal.4th at p. 925, fn. 4.)[8]

Plaintiff concedes that a finding of actual harassment is required for her to prevail on her claim based on the failure to take reasonable steps to prevent sexual harassment. Plaintiff argues, however, that there is no requirement the harassing conduct amount to actionable harassment under the FEHA; i.e., that the harassing conduct did not have to be

---

[8]     The court added, "We do not express a view on whether [section 12940,] subdivision (k) must be read in pari materia with [section 12940,] subdivision (j)(1)." (*Carter v. California Dept. of Veterans Affairs*, *supra*, 38 Cal.4th at p. 925, fn. 4.) In pari materia, when used as a rule of statutory construction, means that "statutes relating to the same subject matter . . . should be construed together." (*Droeger v. Friedman, Sloan & Ross* (1991) 54 Cal.3d 26, 50.)

8

sufficiently severe or pervasive so as to alter the conditions of employment and create a work environment that qualifies as hostile or abusive. Plaintiff contends that a finding of harassing conduct, regardless of whether that conduct is severe or pervasive, is sufficient for a jury properly to find defendant liable for failure to prevent sexual harassment under section 12940, subdivision (k). We disagree.

It is true, as plaintiff contends, that unlike here when the jury made a special verdict finding that she was "subjected to unwanted harassing conduct because of her sex," in *Trujillo*, *supra*, 63 Cal.App.4th 280, the jury made a special verdict finding of "no discriminatory, racially harassing, or retaliatory conduct." (*Id.* at p. 283). *Trujillo*, however, indicates it was the absence of actionable harassment that precluded the cause of action for failure to take reasonable steps necessary to prevent the harassment, not simply the lack of any harassing conduct at all. As the court noted, "[T]here is a significant question of how there could be legal causation of any damages (either compensatory or punitive) from such a statutory violation, where the only jury finding was the failure to prevent *actionable* harassment . . . , which, however, did not occur." (*Id.* at p. 289, italics added; see *Thompson v. City of Monrovia* (2010) 186 Cal.App.4th 860, 880 [under *Trujillo*, "the employee has no cause of action for a failure to investigate unlawful harassment or retaliation, unless actionable misconduct occurred"].)

In *Scotch v. Art Institute of California* (2009) 173 Cal.App.4th 986, the court affirmed summary judgment on a claim for failure to take all reasonable steps necessary to prevent discrimination from occurring, stating, "In the second cause of action, [the plaintiff] alleged failure to provide an environment free from discrimination [i.e., failure to take all reasonable steps necessary to prevent discrimination from occurring] in violation of the FEHA, section 12940, subdivision (k). An actionable claim under section 12940, subdivision (k) is dependent on a claim of actual discrimination . . . . [¶] [The plaintiff] concedes "'[the violation of section 12940, subdivision (k)" cause of action can survive only if a "Retaliation" cause of action survives.' Because we affirm summary judgment on all of [the plaintiff's] FEHA causes of action, we also affirm summary judgment on the failure to provide an environment free from discrimination cause of

9

action." (*Id*. at p. 1021.) Many federal cases have reached the same conclusion. (See *Abdul-Haqq v. Kaiser Found. Hosps.* (N.D. Cal. Jan. 23, 2015, No. C 14-4140 PJH) 2015 U.S. Dist. LEXIS 8768, *6-7 [no claim for failure to prevent discrimination or harassment because the plaintiff had "not adequately alleged a claim of discrimination" or "a claim of harassment/hostile work environment"]; *Oliver v. Microsoft Corp.* (N.D. Cal. 2013) 966 F.Supp.2d 889, 890 [citing *Trujillo*, *supra*, 63 Cal.App.4th at page 289 and stating, plaintiff's claim for "alleged failure to prevent or remedy discrimination or harassment fails in the absence of a viable underlying claim" and "absent showing of actionable discrimination, there can be no" claim for failure to prevent discrimination]; *Rubadeau v. M.A. Mortenson Co.* (E.D. Cal. July 3, 2013, 1:13-CV-339 AWI JLT) 2013 U.S. Dist. LEXIS 93928, *42 ["Without actionable discrimination, harassment, or retaliation, there can be no viable § 12940(k) claim"]; *Mayes v. Kaiser Foundation Hospitals* (E.D. Cal. 2013) 917 F.Supp.2d 1074, 1079-1080 [citing *Trujillo, supra,* 63 Cal.App.4th at page 289 and stating, "Because a necessary element of a claim of failure to prevent discrimination from occurring is discrimination, plaintiff's failure to plead adequately his discrimination claims dooms his failure to prevent discrimination claim as well"]; *LaCava v. Merced Irrigation Dist.* (E.D. Cal. Mar. 16, 2012, 1:10-CV-00853 LJO DLB) 2012 U.S. Dist. LEXIS 36050 *41 [plaintiff's "claim under California Government Code Section 12940(k) fails because" she "has failed to establish a claim for sex discrimination"]; *Lee v. Eden Med. Ctr.* (N.D. Cal. 2010) 690 F.Supp.2d 1011, 1025 ["because Plaintiff has not supported her FEHA claims of discrimination or harassment, her claim of Defendant's failure to prevent discrimination and harassment fails as well"]; *Sneddon v . ABF Freight Systems* (S.D. Cal. 2007) 489 F.Supp.2d 1124, 1133-1134 [citing *Trujillo, supra,* 63 Cal.App.4th at page 289 and stating, "The Court has found no viable claim of discrimination; therefore, there can be no independent cause of action for failure to prevent discrimination under FEHA"].)

There is no federal statute comparable to section 12940, subdivision (k). Rather, under federal law, the issue of whether there was a failure to take reasonable steps necessary to prevent harassment or discrimination arises when a defendant asserts as an

affirmative defense to a discrimination or harassment claim under 42 U.S.C. section 2000(e) et seq. that it took steps to prevent harassment or discrimination. That affirmative defense can defeat liability for a claim of harassment or discrimination, sometimes referred to as the "*Ellerth-Faragher*"[9] affirmative defense, if the defendant can show "'(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.'" (*State Dept. of Health Services v. Superior Court, supra,* 31 Cal.4th at p. 1036.) Thus, the affirmative defense under federal law applies when a plaintiff establishes that an actionable sexual harassment claim occurred, not just that harassing conduct occurred. Here, there can be no claim for failure to take reasonable steps necessary to prevent sexual harassment when an essential element of sexual harassment liability has not been established.

Plaintiff claims that the jury's verdict "strictly follows" CACI No. VF 2514,[10] which, she argues, was created following *Trujillo*, *supra*, 63 Cal.App.4th 280. The "Directions for Use" to CACI No. VF-2514 (2015), at page 1514, states, "This verdict form is based on CACI No. 2527, *Failure to Prevent Harassment, Discrimination, or Retaliation—Essential Factual Elements—Employer or Entity Defendant*. These questions should be added to the verdict form that addresses the underlying claim of

---

[9]     *Faragher v. City of Boca Raton* (1998) 524 U.S. 775, 807; *Burlington Industries, Inc. v. Ellerth* (1998) 524 U.S. 742, 765].)

[10]    CACI No. VF-2514 provides in part that "[w]e answer the questions submitted to us as follows: [¶] 1. Did [name of defendant] fail to take all reasonable steps to prevent the [harassment/discrimination/retaliation]? [¶] _____ Yes _____ No [¶] If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form. [¶] 2. Was [name of defendant]'s failure to prevent the [harassment/discrimination/retaliation] a substantial factor in causing harm to [name of plaintiff]? [¶] _____ Yes _____ No [¶] If your answer to question 2 is yes, then answer question 3 [regarding damages]. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form."

11

discrimination, retaliation, or harassment if the plaintiff also asserts a separate claim against the employer for failure to prevent the underlying conduct.  *The jury should not reach these questions unless it finds that the underlying claim is proved.*"  (*Ibid.*, italics added.)  Similarly, the "Directions for Use" to CACI No. 2527 (2015), at page 1414, states that the failure to prevent instruction should be given "after the appropriate instructions in this series on the underlying claim for . . . harassment if the employee also claims that the employer failed to prevent the conduct."  An instruction on the elements of an underlying sexual harassment claim would be unnecessary if the failure to take reasonable steps necessary to prevent a claim for harassment could be based on harassing conduct that was not actionable harassment.

Plaintiff argues, but cites no authority for the proposition, that defendant could be liable under section 12940, subdivision (k) for failing to take reasonable steps necessary to prevent sexual harassment, even if that harassment was not severe and pervasive.  It would be anomalous to provide a remedy for failure to prevent acts that are not "unlawful" under the FEHA.  (§ 12940.)  Otherwise, as occurred here, punitive damages could be awarded for not preventing underlying conduct that is legally permissible.  Under plaintiff's theory, an employee could maintain an action for failing to take reasonable steps necessary to prevent any conduct that the employee perceives is harassing even if that conduct amounts to nothing more than non-actionable teasing, an offhand comment, or an isolated incident.  (See *Hughes v. Pair*, *supra*, 46 Cal.4th at p. 1038; *Etter v. Veriflo Corp.* (1998) 67 Cal.App.4th 457, 462-464.)  Accordingly, the trial court erred in failing to provide the jury with defendant's special verdict form and in denying defendant's JNOV motion.

### B.       Failure to Prevent Sex Discrimination Claim

Plaintiff does not contend on appeal that her recovery on her claim for failure to take reasonable steps necessary to prevent harassment "or" discrimination was based on defendant allegedly having discriminated against her based on her sex.  Nevertheless, the same logic regarding plaintiff's claim for failure to take reasonable steps necessary to

12

prevent sexual harassment discussed above applies to plaintiff's claim for failure to prevent sex discrimination. The jury found defendant not liable for sex discrimination, concluding that plaintiff had not suffered an adverse employment action. There cannot be a claim for failure to take reasonable steps necessary to prevent sex discrimination under section 12940, subdivision (k) if actionable sex discrimination has not been found.

### C.     Other Contentions

Because we reverse the judgment, we do not reach defendant's contentions regarding punitive damages.

## DISPOSITION

The judgment is reversed and remanded to the trial court with instructions to enter a new judgment in favor of defendant. Defendant shall recover its costs on appeal.

**CERTIFIED FOR PUBLICATION**

MOSK, Acting P. J.

We concur:

KRIEGLER, J.

GOODMAN, J.*

---

* Judge of the Superior Court of the County of Los Angeles, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

13