**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS O'HAGAN, Appellant - in propria persona, an individual,<br><br>        Plaintiff - Appellant,<br><br>    v.<br><br>HARTFORD FIRE INSURANCE COMPANY, a California corporation,<br><br>        Defendant - Appellee. | No. 13-56432<br><br>D.C. No. 2:12-cv-07022-JFW-CW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted December 8, 2015
Pasadena, California

Before: GOULD and BERZON, Circuit Judges, and STEEH,[**] Senior District Judge.

    Plaintiff-Appellant Thomas O'Hagan appeals from the district court's order

granting summary judgment to Defendant-Appellee Hartford Fire Insurance

_____

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

        [**]    The Honorable George Caram Steeh III, Senior District Judge for the U.S. District Court for the Eastern District of Michigan, sitting by designation.

Company ("Hartford") in this age discrimination, harassment, and retaliation suit brought under California state law. O'Hagan claims multiple errors by the district court. Because we find no error, we affirm.

First, O'Hagan argues that the district court should have delayed ruling on Hartford's motion until he could take the depositions of his two former supervisors. The district court properly found this argument lacked merit because O'Hagan failed to comply with Federal Rule of Civil Procedure 56(d) by filing an affidavit or declaration detailing the additional discovery needed. State of Cal. v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998) (citation omitted) (explaining that the party seeking a continuance "must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion."). Moreover, even if O'Hagan's request for a continuance in his opposition to summary judgment constituted a formal request under Rule 56(d), the district court did not abuse its discretion in concluding that (1) the request for additional depositions was based on speculation that his supervisors might contradict their own previously filed affidavits, and (2) O'Hagan was not diligent because he waited until the end of the discovery period to notice the depositions. See Kode v. Carlson, 596 F.3d 608, 612–13 (9th Cir. 2010) (per

2

curiam) (explaining that the abuse of discretion standard requires the court "to uphold a district court determination that falls within a broad range of permissible conclusions").

Second, as it relates to his age discrimination claim under the California Fair Employment and Housing Act ("FEHA"), California Government Code § 12940, et seq., O'Hagan fails to establish that discrimination occurred "because of" his age. Harris v. City of Santa Monica, 56 Cal. 4th 203, 232 (2013) (requiring the plaintiff to establish that discrimination was a "substantial motivating factor" for the alleged adverse employment decision). Here, O'Hagan has not established that his age was a substantial motivating factor behind the alleged adverse employment decision. Indeed, the crux of O'Hagan's argument is that the discrimination occurred because he reported a supervisor's alleged wrongful conduct.

Third, O'Hagan waived the claim that Hartford is liable for harassment under the FEHA based on his opposition to Hartford's alleged discriminatory practices. Hillis v. Heineman, 626 F.3d 1014, 1019 (9th Cir. 2010) (explaining that arguments raised for the first time on appeal are waived). In the district court, O'Hagan pursued the FEHA claim only on the ground that Hartford harassed him because of his age, a point he does not argue on appeal in relation to his

harassment claim. Moreover, the harassment claim is duplicative of O'Hagan's retaliation claim.

Fourth, the district court correctly determined that O'Hagan's theory of retaliation is implausible. O'Hagan contends that the district court should have drawn the inference that his supervisors intentionally caused his office to fail by withholding needed resources in retaliation for O'Hagan reporting a prior supervisor. However, it is not a plausible inference that O'Hagan's supervisors jeopardized their own positions and Hartford's overall wellbeing to retaliate against O'Hagan.

Finally, O'Hagan cannot prevail on his claim that Hartford failed to prevent age discrimination because the underlying age discrimination claim lacks merit. See, e.g., Dickson v. Burke Williams, Inc., 234 Cal. App. 4th 1307, 1318 (2015) ("There cannot be a claim for failure to take reasonable steps necessary to prevent sex discrimination under section 12940, subdivision (k) if actionable sex discrimination has not been found.").

AFFIRMED.

4