NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICKEY B. REED, | No. 22-56099 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-10526-JAK-RAO |
| v. | |
| CITY OF CULVER CITY, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| MEGHAN SAHLI WELLS; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted December 12, 2023[**]

Before:     WALLACE, LEE, and BUMATAY, Circuit Judges

Rickey B. Reed appeals pro se from the district court's summary judgment

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for Culver City in his federal and state law employment discrimination action.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Freyd v. Univ. of Or.*, 990 F.3d 1211, 1219 (9th Cir. 2021).  We affirm.

The district court properly granted summary judgment because Reed failed to raise a genuine dispute of material fact as to whether he was qualified for the position, or whether the proffered legitimate, nondiscriminatory reason for failing to hire Reed was pretextual.  *See Freyd*, 990 F.3d at 1228 (discussing burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)); *Merrick v. Hilton Worldwide, Inc.*, 867 F.3d 1139, 1145 (9th Cir. 2017) (analyzing state claims of discrimination under same framework as federal claims); *Dickson v. Burke Williams, Inc.*, 184 Cal. Rptr. 3d 774, 781, 783 (Ct. App. 2015) (explaining that an actionable claim for failure to prevent discrimination requires an actionable claim of discrimination).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**