Filed 1/5/24  Mendez v. San Bernardino Coummunity College Dist. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ISRAEL MENDEZ, | |
| Plaintiff and Appellant, | E079677 |
| v. | (Super.Ct.No. CIVDS2014149) |
| SAN BERNARDINO COMMUNITY COLLEGE DISTRICT, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  Janet M. Frangie, Judge.  Affirmed.

C. Athena Roussos; Law Offices of Pelayes & Yu, Tristan G. Pelayes and Tom Yu for Plaintiff and Appellant.

Aarvig & Associates, Maria K. Aarvig and Diane K. Huntley for Defendant and Respondent.

1

Israel Mendez (Officer) sued his employer, the San Bernardino Community College District (the District), for (1) disability discrimination (Gov. Code, § 12940, subd. (a))[1]; (2) failing to prevent discrimination (§ 12940, subd. (k)); (3) failing to provide disability accommodations (§ 12940, subd. (m)); and (4) violating medical leave requirements (§ 12945.2, subd. (a)). The trial court granted the District's motion for summary judgment. Officer contends the trial court erred because there are triable issues of material fact. We affirm.

## FACTS

In this section, we present the allegations from Officer's complaint. On July 16, 2018, the District hired Officer as a substitute college police officer. On September 14, 2018, the District hired Officer as a regular college police officer, which required a 12-month probationary period.

On August 1, 2019, while working at Crafton Hills College, Officer "suffered [a] contusion of the right knee, [a] contusion of the lumbar spine, [a] paraspinous muscle [spasm], and sciatica of the left lower back."[2] The following day, on August 2, 2019, a doctor at a worker's compensation clinic cleared Officer to return to work without limitations. Also on August 2, Officer told his Sergeant that he was in pain, and the Sergeant permitted Officer to take the day off. Officer used his sick time to be off work through August 9, 2019.

---

[1] All subsequent statutory references will be to the Government Code, unless otherwise indicated.

[2] Officer was injured when he sat down on a chair, and the chair collapsed.

2

On August 6, 2019, Officer's personal doctor sent a note to the District directing that Officer "be off work for 4 weeks," but the note lacked an explanation of Officer's medical condition. On August 7, 2019, the District sent Officer a letter to inform him that he did not qualify for leave under the Family Medical Leave Act (FMLA) because he had " 'not met the 12-month length of service requirement.' " On August 9, 2019, the District called Officer and terminated his employment.

In the disability discrimination cause of action, Officer alleged the District terminated his employment due to the injuries he suffered on August 1, 2019. In the cause of action for failing to prevent disability discrimination, Officer asserted the District failed to prevent the disability discrimination that he suffered. In the failure to provide accommodations cause of action, Officer alleged the District terminated his employment rather than provide Officer with "a reasonable accommodation for his disability." In the cause of action for violating medical leave requirements, Officer asserted (1) he was entitled to FMLA leave because he worked for the District for more than 12 months, and (2) the District terminated Officer's employment because he requested FMLA leave.

## DISCUSSION

### A.    STANDARD OF REVIEW

A "motion for summary judgment shall be granted if . . . there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) The moving party bears the burden of making "a prima facie showing of the nonexistence of any genuine issue of material

3

fact.  If he carries his burden of production, he causes a shift:  the opposing party is then subjected to a burden of production of his own to make a prima facie showing of the existence of a genuine issue of material fact." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 845, 850-851.)  We apply the independent standard of review.  (*Id.* at p. 860.)

### B.      DISABILITY DISCRIMINATION

We begin with the cause of action for disability discrimination.  It is unlawful for an employer to terminate a person's employment due to the person's physical disability. (§ 12940, subd. (a).)

In the summary judgment motion, the District explained that on November 13, 2018, the District was given a Snapchat video, by a police/trainee in a different police department (Trainee).  The video depicted Officer "wearing his department-issued police uniform, insignia and nameplate" while singing, "This is how $55 an hour look. Let me lick your butt hole if you want it.  Let me lick your vagina if you want it.  I will lick your toes if you really want it."  Due to the video, the District reprimanded Officer and suspended him for five days without pay.  The District's evidence includes District's Police Chief 's (Chief) declaration about the video and reprimand, as well as a transcript of the Snapchat video.

On May 12, 2019, Officer was in a single-vehicle crash in his patrol car, as documented in a police report.  Chief concluded that Officer had lied about the cause of the crash, as documented in Chief's declaration.  On July 16, 2019, Chief wrote a memo to the District's Executive Director of Human Resources (Executive) recommending

4

that Officer's employment be terminated effective August 9, 2019; the memo is included in the record. The August ninth termination date was chosen because the District's Board of Trustees (the Board) was scheduled to meet on August 8, 2019, as documented in Chief's declaration. The July 16, 2019, memo did not provide a reason for Chief wanting to fire Officer; however, the memo was written before Officer's injury/disability, so the memo could not have been written due to discrimination.

Executive placed the termination recommendation on the Board's agenda, as documented by Executive's declaration. The Board met on August 8, 2019, and voted unanimously to approve the termination, as documented by the Board's minutes. Officer's termination was effective on August 9, 2019. Despite being terminated, Officer continued to receive worker's compensation benefits.

The District asserted that Officer's employment was terminated due to his Snapchat video and dishonesty—not due to discrimination. Chief initiated the termination procedure for Officer on July 16, 2019, which was prior to Officer's August 1, 2019 injury/disability. The Board voted on Officer's termination on August 8, 2019. Officer does not point this court to any evidence indicating the Board was aware of Officer's injury/disability.

Instead, Officer relies on the evidence of timing; specifically, the evidence that he was fired the day after his request for medical leave. However, Officer is speculating based solely on the evidence of timing. Officer wants one to conclude that (1) the Board knew of his request for medical leave; (2) the Board knew the details of Officer's request, despite Officer's doctor's note not providing a reason for Officer needing to be

5

off work; and (3) the Board terminated Officer's employment because of the disability. That is too much to assume from evidence of close timing, particularly given the fact that the process of Officer's termination started prior to Officer's injury/disability.

Officer contends he does not need to "show the particular motives of the Board members . . . if a significant participant in the decision making process bore discriminatory animus." Officer asserts the District's Human Resources Department was aware of Officer's request for medical leave and was responsible for placing the termination recommendation on the Board's agenda.

Prior to Officer's injury/disability, Chief recommended that Officer's employment be terminated. Executive, in the Human Resources Department, approved Chief's recommendation and placed it on the Board's agenda; however, in the evidence, we do not see a date for when Executive acted. Accordingly, we will give Officer the benefit of that omission, and presume that Executive acted after Officer's injury/disability.

After Officer was injured, his doctor sent a note to the District's Human Resources Department directing that Officer be off work for four weeks, but the doctor did not provide a reason for the needed leave. The doctor's note was received by a Human Resources Analyst (Analyst). In response to the note, Analyst sent Officer an erroneous notice about Officer not qualifying for FMLA leave. There is no indication that Executive was aware of the doctor's note. Moreover, Officer received worker's compensation benefits after his termination, which indicates the Human Resources Department did not have animus toward Officer because of his injury. Due to the lack

6

of evidence indicating that Executive was aware of Officer's disability or need to take off work, one cannot conclude that Executive bore a discriminatory animus toward Officer when approving Chief's recommendation for termination.

Next, Officer asserts that if his Snapchat video and dishonesty were the true reasons for terminating his employment, then the District would have placed him on administrative leave, rather than allowing him to continue working. Officer points to the declaration of the District's former police chief who served from January 2006 through June 2012 (Former Chief). Former Chief declared that "under general industry standards and the traditional past practices and standard operating procedures of [the District], [Officer] would have immediately been placed on administrative leave in November 2018. The [District] would not have allowed him to continue to work as a police officer until August 2019 to terminate his employment."

After the Snapchat video, the District reprimanded Officer with "a five-day unpaid suspension from duty." After Officer's statements about the car accident, Chief "inspected the vehicle, inspected the scene, obtained surveillance video, and obtained the car's electronic GPS location data records," in order to determine if Officer was dishonest. Upon deciding that Officer was dishonest, Chief initiated proceedings to terminate Officer's employment. Officer's assertion that the District essentially did not respond to the two incidents, so those incidents could not be the reason for his termination, is contradicted by the evidence.

7

In sum, the District made a prima facie showing that Officer's termination was not due to discrimination, and Officer failed to establish a triable issue of material fact on the issue. Therefore, the cause of action fails.

C.     FAILURE TO PREVENT DISCRIMINATION

A cause of action for failing to prevent discrimination requires proof that discrimination occurred. (*Dickson v. Burke Williams, Inc.* (2015) 234 Cal.App.4th 1307, 1318; *Trujillo v. North County Transit Dist.* (1998) 63 Cal.App.4th 280, 289.) As discussed *ante*, Officer has failed to establish that there is a triable issue of material fact concerning discrimination being the cause of his termination. Therefore, this derivative cause of action also fails.

D.     REASONABLE ACCOMMODATIONS

It is unlawful for an employer "to fail to make reasonable accommodation[s] for the known physical or mental disability of an applicant or employee." (§ 12940, subd. (m)(1).) The only accommodation that Officer asserts was wrongly denied was FMLA leave. The District conceded that it erred by informing Officer that he did not qualify for FMLA leave. Although the District erred, Officer received paid sick leave for the days between his injury and termination, and worker's compensation benefits after his termination. Therefore, Officer was not damaged by the District's error, so the cause of action fails. (*Roger H. Proulx & Co. v. Crest-Liners, Inc.* (2002) 98 Cal.App.4th 182, 195 ["there is no cause of action because there are no damages"].)

8

E.     <u>MEDICAL LEAVE VIOLATIONS</u>

In his complaint, Officer asserted that (1) the District terminated Officer's employment because he requested FMLA leave, and (2) he was wrongly informed that he did not qualify for FMLA leave.

Officer's first sub-allegation is a retaliation claim, which requires evidence that Officer was terminated because he requested FMLA leave. (*Rogers v. County of Los Angeles* (2011) 198 Cal.App.4th 480, 487-488, 490-491.) Chief recommended Officer's termination before Officer sought FMLA leave, and Officer does not point this court to evidence that the Board was aware of Officer's request for leave when it unanimously voted to terminate his employment. Therefore, Officer has not established that there is a triable issue of material fact concerning Officer allegedly being terminated because he requested FMLA leave.

As to Officer's second sub-allegation, the District conceded that it sent a letter to Officer erroneously notifying him that he did not qualify for FMLA leave. However, the District asserted its erroneous letter was mailed to Officer's prior address, where Officer no longer resided, so he did not receive the letter; and Officer received paid sick leave from the time of his injury through the termination of his employment, which meant he did not incur damages.

Officer contends that, if he were wrongly terminated, then he suffered damages because he would have received four weeks of FMLA leave had he kept his job. As discussed *ante*, Officer has not established a triable issue of material fact regarding his termination being wrongful. Accordingly, this claim fails due to a lack of damages in

9

that Officer would not have received four weeks of FMLA leave. (*Roger H. Proulx & Co. v. Crest-Liners, Inc.*, *supra*, 98 Cal.App.4th at p. 195 ["there is no cause of action because there are no damages caused by the breach of the professional's duty"].)

F.      <u>CONCLUSION</u>

The trial court did not err in granting summary judgment.

**DISPOSITION**

The order is affirmed. The District is awarded its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>MILLER                 </u>
J.

We concur:

<u>RAMIREZ         </u>
        P. J.

<u>McKINSTER       </u>
        J.