**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NELSON CARBALLO, | No. 15-17029 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-05572-MMC |
| v. | |
| COMCAST, INC., DBA Comcast Cable Communications LLC, DBA Comcast Cable Communications Management, LLC, DBA Comcast Corporation, DBA Comcast Holdings Corporation; et al., | MEMORANDUM [*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Argued and Submitted April 18, 2017
San Francisco, California

Before: THOMAS, Chief Judge, and FERNANDEZ and MURGUIA, Circuit Judges.

This appeal arises from the termination of Nelson Carballo, a system

technician who worked at Comcast, Inc. (Comcast) from 2006 to late 2012.

Carballo suffers from gout, which causes him serious and unpredictable pain.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

After his termination, Carballo brought eight claims against Comcast, principally based on California's Fair Employment and Housing Act (FEHA). His claims were for disability discrimination, failure to accommodate, failure to engage in an interactive process, failure to prevent discrimination, retaliation, discrimination based on national origin, discrimination based on race, and wrongful termination in violation of public policy. Carballo also brought a claim against his union, the Communication Workers of America (CWA), based on an alleged breach of its duties toward him. The district court granted summary judgment to Comcast on all claims. In a separate order, the district court ruled in favor of CWA to the extent Carballo's claims against CWA related to its failure to enforce union duties relating to discrimination protection.[1]

Carballo now appeals the grants of summary judgment to Comcast and CWA. The panel reviews de novo district court orders granting summary judgment, *Weiner v. San Diego Cty.*, 210 F.3d 1025, 1028 (9th Cir. 2000), and the district court's interpretation of state law, *Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1216 (9th Cir. 1997). We have jurisdiction under 28 U.S.C. § 1291, and affirm.

1.      FEHA requires an employer "to make reasonable accommodation for

---

[1]      Carballo then voluntarily dismissed what remained of his claim against CWA.

2

the known physical or mental disability of an applicant or employee." CAL. GOV'T CODE § 12940(m)(1). Comcast provided Carballo with an accommodation by allowing him to take days off from work. Carballo argues, however, that Comcast could have provided him with two alternate reasonable accommodations. Carballo's first proposed alternate accommodation, to eliminate aerial work, is not a reasonable accommodation because Carballo concedes that aerial work is an essential function of working as a system technician. Under FEHA, "elimination of an essential function is not a reasonable accommodation." *Nealy v. City of Santa Monica*, 184 Cal. Rptr. 3d 9, 21 (Cal. Ct. App. 2015). Carballo's second proposed alternate accommodation is reassignment to a different position. But Comcast had already provided Carballo with a reasonable accommodation, through leave. "Reasonable accommodation may also include reassignment to a vacant position if the employee cannot perform the essential functions of his or her position even with accommodation." *Id.* at 22 (internal quotation marks omitted). There is no authority triggering a reassignment obligation if the employer has already made a reasonable accommodation. We affirm the grant of summary judgment to Comcast on Carballo's claim for failure to accommodate.

2. When an employee asks their employer for a reasonable accommodation, FEHA requires an employer to engage in "a timely, good faith, interactive process with the employee . . . to determine effective reasonable

3

accommodations, if any[.]" CAL. GOV'T CODE § 12940(n). To prevail at trial on a claim for failure to engage in the interactive process, an employee "must identify a reasonable accommodation that would have been available at the time the interactive process should have occurred"—i.e., the accommodation that "the interactive process should have produced[.]" *Scotch v. Art Inst. of Cal.-Orange Cty., Inc.*, 93 Cal. Rptr. 3d 338, 365 (Cal. Ct. App. 2009). Carballo cannot point to another reasonable accommodation Comcast should have provided to him. There was therefore no reasonable accommodation the process would have identified, and any failure to engage in the interactive process did not cause harm. *See id.* at 365–66. We affirm the grant of summary judgment to Comcast on Carballo's claim for failure to engage in the interactive process.

3.    FEHA prohibits an employer from retaliating against an employee for opposing prohibited conduct. *See Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1130–31 (Cal. 2005). A prima facie case of retaliation, however, requires "protected activity." *Nealy*, 184 Cal. Rptr. 3d at 25. Carballo fails to point to any protected activity. At the time of Carballo's employment, "protected activity" did "not include a mere request for reasonable accommodation." *Id.* at 25. Here, Carballo did not even request a reasonable accommodation; and even if he had, that itself would not be enough to demonstrate protected activity. Carballo therefore failed to demonstrate that he engaged in FEHA-protected activity that

4

would give rise to a retaliation claim. We affirm the district court's grant of summary judgment to Comcast on Carballo's retaliation claim.

4.     FEHA "prohibits discrimination based on an employee's physical disability." *Green v. State*, 165 P.3d 118, 122 (Cal. 2007). The three-step *McDonnell Douglas* burden-shifting framework applies when federal courts hear claims for disability discrimination arising under state law. *Zeinali v. Raytheon Co.*, 636 F.3d 544, 552 (9th Cir. 2011). Under the *McDonnell Douglas* framework, the plaintiff bears the initial burden to make out a prima facie case of disability discrimination. "A prima facie case of disability discrimination under FEHA requires the employee to show he or she (1) suffered from a disability, (2) was otherwise qualified to do his or her job, and (3) was subjected to adverse employment action because of the disability." *Nealy*, 184 Cal. Rptr. 3d at 23.

Carballo alleges that Comcast targeted behavior he engaged in as an inevitable result of his disability. Carballo testified that he loosened the leg straps because of pain he was feeling from his gout. To the extent Comcast terminated Carballo because he was not wearing his leg straps, Carballo argues, there is a causal connection between Carballo's disability and the basis for his termination. In *Humphrey v. Memorial Hospitals Association*, we held that in most circumstances "conduct resulting from a disability is considered to be part of the disability, rather than a separate basis for termination." 239 F.3d 1128, 1139–40

5

(9th Cir. 2001); *see Gambini v. Total Renal Care, Inc.*, 486 F.3d 1087, 1093 (9th Cir. 2007); *Dark v. Curry Cty.*, 451 F.3d 1078, 1084, 1084 n.3 (9th Cir. 2006). *Humphrey*, however, applies when there is no difference between the conduct necessarily flowing from the disability and the disability itself. Here, the conduct Comcast targeted did not happen because of Carballo's disability. Carballo continued to engage in his work after he realized that his gout symptoms forced him to loosen the leg harnesses. Carballo had the option to return to the ground, which his gout did not prevent. No reasonable jury could find on these facts that Carballo had to remain in the air with his leg harnesses loose, either for disability-based reasons or because of a failure to accommodate that disability. Though Carballo did not choose to have gout, and arguably could not choose in any meaningful way to secure his leg harness, he did choose to continue working on the aerial lift without a secure leg harness. Because Carballo's disability did not cause the conduct that led to his termination, namely, operating the aerial lift without his leg harnesses secured, Comcast's termination of Carballo for that conduct did not relate to his disability. We therefore affirm the district court's grant of summary judgment on Carballo's claim for disability discrimination.

5.      Before the district court Carballo failed to oppose Comcast's motion for summary judgment on his claims for discrimination based on race and discrimination based on national origin, and Carballo offers no meaningful

6

argument on appeal. We affirm summary judgment on those claims.

6. FEHA makes it unlawful for an employer to fail to take reasonable steps to prevent discrimination from occurring. CAL. GOV'T CODE § 12940(k). There is no cognizable claim for failure to prevent discrimination, however, if "there has been a specific factual finding that no such discrimination . . . actually occurred[.]" *Trujillo v. N. Cty. Transit Dist.*, 73 Cal. Rptr. 2d 596, 601 (1998), as modified (Cal. Ct. App. May 12, 1998). Here, the jury could not find that discrimination occurred. We affirm the district court's grant of summary judgment to Comcast on Carballo's claim for failure to prevent disability discrimination.

7. Under California law, a plaintiff may enforce their rights via a common-law tort for wrongful termination in violation of public policy. *See Stevenson v. Superior Court*, 941 P.2d 1157, 1158 (Cal. 1997). But FEHA controls the nature and scope of prohibited employment conduct relating to disability. *See Esberg v. Union Oil Co.*, 47 P.3d 1069, 1075 (Cal. 2002). Carballo cannot establish a violation of FEHA, and cannot allege conduct that ran counter to the public policy FEHA advances. We affirm summary judgment to Comcast.

8. Carballo's argument for reversing the grant of summary judgment to CWA depends on reversing the grant of summary judgment to Comcast. We affirm summary judgment to CWA.

**AFFIRMED**.

7