NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 5 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS R. PASCUAL, | No. 14-56077 |
| Plaintiff-Appellant, | D.C. No. 8:12-cv-02081-CJC-MLG |
| v. | |
| THE BOEING COMPANY, a corporation; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted June 26, 2017[**]

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

Luis R. Pascual appeals pro se from the district court's summary judgment

in his employment action alleging federal and state law claims related to his

termination. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

*Cotton v. City of Alameda*, 812 F.2d 1245, 1247 (9th Cir. 1987). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Pascual's age discrimination claim because Pascual failed to raise a genuine dispute of material fact as to discriminatory motive. *See Guz v. Bechtel Nat. Inc.*, 8 P.3d 1089, 1113 (Cal. 2000) (elements of age discrimination claim under California law).

Because summary judgment on Pascual's age discrimination claim was proper, the district court properly granted summary judgment on Pascual's claims alleging wrongful termination in violation of public policy and failure to prevent discrimination. *See Sanders v. Arneson Prods., Inc.*, 91 F.3d 1351, 1354 (9th Cir. 1996) (affirming summary judgment on public policy claim based on anti-discrimination law where plaintiff failed to a raise triable dispute as to discrimination claim); *Trujillo v. N. Cty. Transit Dist.*, 73 Cal. Rptr. 2d 596, 601 (Ct. App. 1998) (no cognizable claim for failure to prevent discrimination if "there has been a specific factual finding that no such discrimination . . . actually occurred").

The district court properly granted summary judgment on Pascual's claims alleging breach of contract and breach of the implied covenant of good faith and fair dealing because Pascual failed to raise a genuine dispute of material fact as to the at-will nature of his employment. *See Horn v. Cushman & Wakefield W., Inc.*, 85 Cal. Rptr. 2d 459, 474 (Ct. App. 1999) (where employee had at-will employment status, no cognizable claim for breach of an employment contract or

for breach of the implied covenant of good faith and fair dealing).

The district court properly granted summary judgment on Pascual's retaliation claim under Section 1102.5 of the California Labor Code because Pascual failed to raise a genuine dispute of material fact as to whether he had engaged in protected activity. *See Mokler v. County of Orange*, 68 Cal. Rptr. 3d 568, 580 (Ct. App. 2007).

The district court properly granted summary judgment on Pascual's claim under the Veterans' Preference Act of 1944 because Pascual failed to raise a genuine dispute of material fact as to whether the Act applies to his circumstances. *See Ford Motor Co. v. Huffman*, 345 U.S. 330, 340 (1953) ("Congress . . . did not make credit for such pre-employment military service compulsory in private civilian employment."); 5 C.F.R. § 351.202 ("Employees covered [include] civilian employee in: (1) The executive branch of the Federal Government; and (2) Those parts of the Federal Government outside the executive branch which are subject by statute to competitive service requirements . . . .").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Pascual's request to remand for additional discovery, set forth in his opening

brief, is denied.

**AFFIRMED.**