NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 4 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARRIS L. WINNS,<br><br>          Plaintiff-Appellant,<br><br>v.<br><br>EXELA ENTERPRISE SOLUTIONS, INC.,<br><br>          Defendant-Appellee. | No.   22-16342<br><br>D.C. No. 4:20-cv-06762-YGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted August 2, 2023[**]
San Francisco, California

Before:  O'SCANNLAIN, SILVERMAN, and JOHNSTONE, Circuit Judges.

Harris L. Winns appeals pro se the district court's grant of summary

judgment in favor of his former employer, Exela Enterprise Solutions, Inc., on his

claims under the Equal Pay Act of 1963, 29 U.S.C. § 206(d)(1); the Age

Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*;

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Worker Adjustment and Retraining Notification ("WARN") Act, 29 U.S.C. § 2101 *et seq.*; 42 U.S.C. §§ 1981 and 1985(3); Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; and California law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, and may affirm on any grounds supported by the record. *Arcona, Inc. v. Farmacy Beauty, LLC*, 976 F.3d 1074, 1077 (9th Cir. 2020). We review for abuse of discretion a district court's refusal to appoint counsel, *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), and its modifications to a pretrial scheduling order, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). We affirm.

The district court properly granted summary judgment on Winns's race and age-based discrimination and harassment claims under Title VII, the ADEA, and California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940 *et seq.*, because Winns did not raise these issues in his Equal Employment Opportunity Commission charge and therefore failed to exhaust administrative remedies. *See* 29 U.S.C. §§ 626(c)–(d), 633(b) (ADEA exhaustion requirement); 42 U.S.C. § 2000e-5 (Title VII exhaustion requirement); Cal. Gov't Code § 12965(c) (FEHA exhaustion requirement).

The district court correctly granted summary judgment on Winns's defamation claim because Winns failed to raise a genuine dispute of material fact

2

as to whether Exela published any false statement. *See Taus v. Loftus*, 151 P.3d 1185, 1209 (Cal. 2007) (setting forth the elements of a defamation claim under California law, including the publication of a false statement).

The district court properly granted summary judgment on Winns's claim for conspiracy under 42 U.S.C. § 1985(3) because he failed to raise a genuine dispute of material fact as to the existence of a conspiracy to investigate him. *See Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (setting forth the elements of a claim under § 1985(3), including a conspiracy for the purpose of depriving a person of equal protection of the laws).

The district court properly granted summary judgment on Winns's claim for retaliation in violation of Title VII and California Labor Code § 1102.5 because he failed to raise a genuine dispute of material fact as to any connection between an adverse employment action and his protected activities. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002) (explaining that a plaintiff can establish a prima facie case of retaliation under Title VII "by showing that: 1) he engaged in a protected activity; 2) he suffered an adverse employment decision; and 3) there was a causal link between the protected activity and the adverse employment decision"); *Lawson v. PPG Architectural Finishes, Inc.*, 503 P.3d 659, 667 (Cal. 2022) (explaining that California law "places the burden on the plaintiff [in an action under § 1102.5] to establish . . . that retaliation for an

employee's protected activities was a contributing factor in a contested employment action").

The district court correctly granted summary judgment on Winns's claim for violations of the California and federal Equal Pay Acts because he failed to raise a genuine dispute of material fact as to whether "employees of the opposite sex were paid different wages for equal work." *Freyd v. Univ. of Or.*, 990 F.3d 1211, 1219–20 (9th Cir. 2021) (citation and internal quotation marks omitted) (explaining requirements for a prima facie case under the Equal Pay Act); *see Allen v. Staples, Inc.*, 299 Cal. Rptr. 3d 779, 783 (Cal. Ct. App. 2022) (explaining that a prima facie case under California Labor Code § 1197.5(a) includes a showing of "different wages to employees doing substantially similar work under substantially similar conditions" (quoting *Hall v. Cnty. of Los Angeles*, 55 Cal. Rptr. 3d 732, 736 (Cal. Ct. App. 2007))).

The district court correctly granted summary judgment on Winns's claim of discrimination under 42 U.S.C. § 1981. There was no genuine issue of material fact as to whether Winns's race was a "but-for" cause of any adverse employment actions. *See Comcast Corp. v. Nat'l Ass'n Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1014 (2020) (holding that a plaintiff bringing a § 1981 claim "bears the burden of showing that race was a but-for cause of its injury").

The district court properly granted summary judgment on Winns's claims for wrongful termination in violation of public policy, failure to prevent a hostile work environment and retaliation, and negligent supervision. There was no genuine issue of material fact as to the underlying discrimination, harassment, and retaliation on which the claims rested. *See DeHorney v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 879 F.2d 459, 465 (9th Cir. 1989) (explaining that where a claim for wrongful termination in violation of public policy is founded on discrimination, the plaintiff's "failure to make a *prima facie* case of . . . discrimination disposes of this claim as well"); *Trujillo v. N. Cnty. Transit Dist.*, 73 Cal. Rptr. 2d 596, 601–02 (Cal. Ct. App. 1998) (affirming judgment for defendant on a claim of failure to prevent a hostile work environment where the record lacked support for the underlying allegations of discrimination and harassment).

The district court correctly granted summary judgment on Winns's purported WARN Act claim, premised on Exela's failure to transfer him, because the WARN Act contains no such transfer requirement. *See* 29 U.S.C. §§ 2101–2109.

The district court did not abuse its discretion in denying Winns's request for appointment of counsel because he failed to demonstrate "exceptional circumstances" for the appointment of counsel under 28 U.S.C. § 1915(e)(1). *See Palmer*, 560 F.3d at 970.

The district court did not abuse its discretion in granting Exela additional time to conduct discovery because Exela showed good cause. Fed. R. Civ. P. 16(b)(4). Further, the district court's order vacating the trial date and related deadlines pending its decision on the motion for summary judgment did not prejudice Winns or affect his ability to conduct discovery and submit evidence in opposition to Exela's motion for summary judgment.

The record does not support Winns's contentions of judicial bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Winns's contention that the district court denied him his right to a jury trial lacks merit. *See In re Slatkin*, 525 F.3d 805, 811 (9th Cir. 2008) ("[A] summary judgment proceeding does not deprive the losing party of its Seventh Amendment right to a jury trial.").

Winns's contention that the district court failed to give him required notice of summary judgment lacks merit. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (rejecting required notice of summary judgment for pro se litigants in an ordinary civil case); *cf. Rand v. Rowland*, 154 F.3d 952, 960–61 (9th Cir. 1998) (en banc) (explaining notice requirements for pro se prisoners).

Winn's request to transmit physical and documentary exhibits, filed on November 22, 2022 (Dkt. No. 5), is denied as unnecessary. The items in the motion are available on the electronic district court docket or have been transmitted upon this Court's request.

**AFFIRMED.**